William H. **BAHR**, Appellant–Defendant,

v.

**STATE of Indiana**, Appellee–Plaintiff.

No. 19A01–9312–CR–00388.

Court of Appeals of Indiana, First District.

May 23, 1994.

Scott A. Blazey, Steven E. Ripstra, Lytton & Ripstra, Jasper, for appellant.

Pamela Carter, Atty. Gen., Deana McIntire Smith, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

William H. Bahr appeals the revocation of his probation. Bahr's probation was revoked because he had failed to pay restitution as required under the terms of his probation. He raises one issue on appeal. Restated it is:

> whether the revocation of Bahr's probation for his failure to pay restitution denied him the fundamental fairness guaranteed by the Fourteenth Amendment of the United States Constitution?

We affirm.

### FACTS

Bahr sold securities representing interests in oil wells. However, he had not been registered to sell such securities as required by Ind.Code 23–2–1–1. On September 20, 1991, Bahr was convicted, pursuant to a plea agreement, of three counts of Sale of Securities by an Unregistered Agent, a class C felony.

Under the terms of the plea agreement, Bahr's four year prison sentence was suspended conditioned upon his fulfillment of the terms of his probation which included the payment of restitution to the victims of his crimes. Bahr was to repay his three victims a total of $25,800.00 over four years at the rate of $537.50 per month. Bahr had agreed to these terms and had represented that he could make the payments. He paid $337.50 the day of his sentencing.

At a probation revocation hearing held on April 7, 1992, evidence was presented that Bahr had not made any payments beyond the initial $337.50 partial payment. The trial

court found that Bahr had made no good faith effort to pay restitution. The trial court took the matter under advisement and gave Bahr an opportunity to make up the payments.

Another hearing was held on August 18, 1993. Bahr had made no further payments. At this hearing, Bahr stated that he had inherited a ¼ interest in some real estate which was worth about $5,000.00. At the hearing, Bahr offered to apply this asset toward his restitution obligation. However, he had made no such effort before the hearing. Bahr testified that he had been underemployed and had been unable to make payments. Bahr testified he just needed a little help. The trial judge stated that Bahr was more likely to find the help he needed in the prison system than on the street. The trial court found that Bahr had willfully failed to pay restitution and revoked his probation.

## DECISION

 Probation is a matter of grace, and whether probation is granted is within the trial court's discretion. *Gilfillen v. State* (1991), Ind., 582 N.E.2d 821. The sole question at a probation revocation hearing is whether the probationer should be allowed to remain conditionally free, given evidence of repeated antisocial behavior, or rather should be required to serve the previously imposed sentence in prison. *Dulin v. State* (1976), 169 Ind.App. 211, 346 N.E.2d 746, *trans. denied.* The State must prove a violation of a condition of probation only by a preponderance of the evidence. *Monroe v. State* (1981), Ind.App., 419 N.E.2d 831. Probation may not be revoked for the failure to comply with conditions that impose a financial obligation unless the probationer recklessly, knowingly, or intentionally fails to pay. Ind. Code 35–38–2–3(f).

Bahr argues his failure to pay restitution was the result of his indigence and loss of employment. He argues the revocation of his probation violated the fundamental fairness to which he was entitled under the Fourteenth Amendment of the United States Constitution, citing *Bearden v. Georgia* (1983), 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221.

 In *Bearden*, the United States Supreme Court held that in probation revocation proceedings for the failure to pay restitution, a sentencing court must inquire into the reasons for the failure to pay. If the probationer has willfully refused to pay or has failed to make a sufficient bona fide effort to acquire the resources to pay, the court may revoke probation and sentence the defendant to prison. *Id.* at 673, 103 S.Ct. at 2073. However, if the probationer has made sufficient bona fide efforts to pay, the sentencing court must consider the imposition of alternative measures of punishment other than imprisonment. *Id.* Only if the sentencing court determines that the alternatives to imprisonment are not adequate to meet the State's interest in punishment and deterrence may the State imprison a probationer who has made sufficient bona fide efforts to pay. *Id.* To do otherwise would be contrary to the fundamental fairness required by the Fourteenth Amendment. *Id.* at 673, 674, 103 S.Ct. at 2073, 2074.

 In the present case, Bahr had made only one partial payment toward his restitution obligation. The sentencing court held two hearings inquiring into the reasons for Bahr's failure to pay. Although Bahr had acquired an interest in real estate worth $5000.00, he had made no effort, prior to the final hearing, to apply that asset toward his restitution obligation. The trial court was not required to accept Bahr's testimony that he had made bona fide efforts to secure the employment necessary to make payments toward his obligation.

The evidence sufficiently supports the trial court's finding that Bahr had willfully failed to make payments on his restitution obligation. Moreover, the trial court found that the kind of help Bahr needed was provided by imprisonment. Therefore, the revocation of Bahr's probation did not violate fundamental fairness.

Judgment affirmed.

BAKER and STATON, JJ., concur.