Alvin D. BARNES, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 35A02–9607–CR–447.

Court of Appeals of Indiana.

Feb. 12, 1997.

Michael Paul Hess, Huntington, for Appellant-Defendant.

Pamela Carter, Attorney General, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, for Appellee-Plaintiff.

## OPINION

STATON, Judge.

Alvin D. Barnes ("Barnes") appeals the revocation of his probation. He presents one issue for our review which we restate as: Whether the trial court properly revoked his probation for his failure to pay restitution.

We affirm.

The record reveals that Barnes pled guilty to five counts of check deception, a class A misdemeanor,[1] on January 26, 1994. He was sentenced to 365 days in jail. However, the entire sentence was suspended and he was placed on probation for one year. One condition of his probation was that he pay restitution in the amount of $255.02 within one year. On January 25, 1995, the State filed a petition to revoke Barnes' probation because he had not made restitution. After holding a hearing on the petition, the trial court extended Barnes' probation for six months to enable him to fulfill the restitution requirement. Barnes then failed to appear at the next hearing and a warrant was issued for his arrest. Another probation revocation hearing was held and the trial court found Barnes in violation of his probation and ordered him to serve his executed sentence.

---

1. Ind.Code § 35–43–5–5(a) (1993).

At the time of the original sentencing hearing, Barnes was incarcerated on other charges. He was released in February 1994, and was arrested again eleven days later. He was again released in March 1995. As part of his release, he entered The Lighthouse, a residential community in Corpus Christi, Texas. Barnes left The Lighthouse in May 1995 and lived on the streets until he was again arrested in July. After his arrest, he was returned to Indiana.

 Barnes argues that the trial court erred in revoking his probation for his failure to pay restitution because he was unable to make the payments due to his incarceration and indigent status. Before incarcerating a probationer for failure to make restitution, the court must inquire into the reasons for the failure to make the required payments. If the court finds that a probationer has willfully refused to make restitution or has failed to make sufficient bona fide efforts to pay, his probation can be revoked. *Bahr v. State*, 634 N.E.2d 543, 545 (Ind.Ct.App.1994) (citing *Bearden v. Georgia*, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983)); IND.CODE § 35–38–2–3(f) (1993). However, if the trial court finds that the probationer is unable to pay despite sufficient bona fide efforts, the trial court must consider the imposition of alternative means of punishment rather than imprisonment. *Id.* To imprison a probationer who is unable to comply with the financial conditions of his probation through no fault of his own without considering alternative means of punishment violates the fundamental fairness required by the Fourteenth Amendment. *Bearden, supra*, at 672–73, 103 S.Ct. at 2072–73.

Here, the trial court inquired into the reasons for Barnes' failure to pay. It found that Barnes was indigent by choice because he chose to violate the law. This is not a situation where a probationer is unable to comply with financial conditions through no fault of his own. Instead, Barnes voluntarily engaged in a course of conduct which made him unable to comply with the financial conditions of his probation. His constitutional rights to fundamental fairness are not violated by his probation revocation and incarceration.

Affirmed.

SHARPNACK, C.J., and GARRARD, J., concur.