Linda GARRETT, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 65A01–9610–CR–321.

Court of Appeals of Indiana.

May 14, 1997.

Beth McFadin Higgins, Mt. Vernon, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Preston W. Black, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

BAKER, Judge.

Appellant-defendant Linda Garrett appeals the revocation of her probation. Garrett raises several arguments for review, which we combine and restate as whether the evidence was sufficient to show that she violated her probation by failing to make a good faith effort to pay restitution and to become employed.

### FACTS

On March 13, 1990, Garrett pled guilty to forty-six counts of Theft,[1] all Class D felonies. As a result, the trial court sentenced Garrett to two years imprisonment on the first count, one and one-half years on the next four counts, to be served consecutively, and one and one-half years on the remaining counts, to be served concurrently, for a total term of eight years imprisonment. Additionally, the trial court ordered Garrett to pay restitution of $90,000 to her victim.

Thereafter, on June 29, 1990, the trial court suspended Garrett's sentence and placed her on house arrest and probation. Again, the trial court ordered Garrett to pay restitution of $90,000. Additionally, as a condition of her probation, Garrett was required to "make a good faith effort to be employed or faithfully pursue a course of study or vocational training that will equip [her] for suitable employment." Record at 49. Then, on July 25, 1991, the trial court released Garrett from house arrest and suspended the remainder of her sentence.

On December 16, 1995, the State filed a petition to revoke Garrett's suspended sentence on the grounds that she had failed to pay restitution or seek employment. Following a hearing, the trial court found that Garrett had violated the conditions of her probation. The trial court then ordered Garrett to serve the remainder of her executed sentence on weekends at the Posey County jail. Additionally, the trial court found that Garrett was still required to make restitution payments. Garrett now appeals.

### DISCUSSION AND DECISION

Garrett claims that the evidence is insufficient to support the revocation of her probation. Initially, we note our standard of review. When reviewing a claim of insufficient evidence in a probation revocation proceeding, we apply the same standard used in any other sufficiency question. *Bryce v. State*, 545 N.E.2d 1094, 1099 (Ind.Ct.App. 1989), *trans. denied*. We consider only the evidence most favorable to the State, together with all reasonable inferences flowing

therefrom. *Id.* We will neither reweigh the evidence nor judge the credibility of witnesses. *Menifee v. State*, 600 N.E.2d 967, 970 (Ind.Ct.App.1992). Revocation is appropriate if the State proves any single violation by a preponderance of the evidence. IND. CODE § 35–38–2–3(e).

### I. Failure to Pay Restitution

First, Garrett contends that the trial court erred in revoking her probation for failure to pay restitution. Specifically, Garrett argues that the trial court never determined that she had the ability to pay restitution, the court's restitution order was unreasonably vague and the evidence was insufficient to show that her failure to pay restitution was reckless, knowing or intentional.

IND. CODE § 35–38–2–2.3(a)(5) provides that a trial court may require a defendant to "make restitution or reparation to the victim of the crime for damage or injury that was sustained by the victim." When restitution is ordered as a condition of probation, the trial court must inquire into the defendant's ability to pay restitution in order to prevent indigent defendants from being imprisoned because of their inability to pay. I.C. § 35–38–2–2.3; *Shaffer v. State*, 674 N.E.2d 1, 9 (Ind.Ct.App.1996). Further, before the trial court may revoke probation due to a defendant's failure to comply with the restitution order, the State must prove that "the person recklessly, knowingly, or intentionally fail[ed] to pay." I.C. § 35–38–2–3(f). To make this determination, the court must inquire into the reasons for the failure to pay restitution. *Barnes v. State*, 676 N.E.2d 764 (Ind.Ct.App.1997). If the court finds that a probationer has willfully refused to make restitution or has failed to make sufficient bona fide efforts to pay, her probation can be revoked. *Id.*

Our review of the record in the instant case reveals that at the time the trial court entered its restitution order, it did not inquire into Garrett's ability to pay. Additionally, the record reveals that at the time the trial court revoked Garrett's probation, it did not ascertain whether she could have

1. IND. CODE § 35–43–4–2.

paid restitution. As a result, we fail to see how the trial court could have revoked Garrett's probation on the basis that she recklessly, knowingly or intentionally failed to pay restitution.[2] Such a determination necessarily requires that the trial court consider whether a defendant could have paid restitution but did not. *See Bahr v. State*, 634 N.E.2d 543, 545 (Ind.Ct.App.1994) (revocation of defendant's probation affirmed where defendant failed to pay restitution despite his acquisition of real estate worth $5,000); *Preston v. State*, 588 N.E.2d 1273, 1277 (Ind. Ct.App.1992) (court found that defendant had adequate income to make restitution payments based upon testimony that he had obtained employment and had net pay of at least $200 per week). Although the State contends that Garrett has waived her right to challenge the trial court's restitution order because she did not object at the time it was entered and because she signed an agreement which provided that she would pay $63,463.81 in restitution, any such waiver is irrelevant given the State's burden at the time it seeks to revoke probation to show that Garrett's failure to pay restitution was reckless, knowing or intentional. Therefore, in the absence of evidence that Garrett could have paid restitution, the trial court's revocation of her probation on the basis of her failure to pay restitution was erroneous.

Furthermore, we agree with Garrett's contention that the trial court's restitution order was so unreasonably vague that it was unenforceable. Although the trial court has broad discretion in establishing the conditions of probation, *Johnson v. State*, 659 N.E.2d 194, 198 (Ind.App.1995), I.C. § 35–38–2–2.3(a)(5) provides that "[w]hen restitution or reparation is a condition of probation, the court shall fix the amount, which may not exceed an amount the person can or will be able to pay, and shall fix the manner of performance." Here, the court's probation order required Garrett to make a "good faith effort" to pay restitution of $90,000 "as determined by the probation department." R. at 48, 59. The record does not reveal that the trial court considered Garrett's ability to pay this sum of restitution or fixed the manner of payment. Thus, the order does not comply with I.C. § 35–38–2–2.3(a)(5). *See McGuire v. State*, 625 N.E.2d 1281, 1282 (Ind.Ct.App. 1993) (court's order for probation department to fix amount of restitution and manner of payment does not comply with statute). Thus, the trial court erred in revoking Garrett's probation on the basis of this probation order.

## II. Failure to Obtain Employment

Garrett also contends that the trial court erred in revoking her probation due to her failure to make a good faith effort to become employed. Specifically, Garrett contends that the court's order setting employment as a term of probation was unreasonably vague and that the evidence showed that she had sought employment. Because Garrett's second argument is dispositive, we need not consider her contention that the order was unreasonably vague.

As noted previously, the trial court's probation order required Garrett to "make a good faith effort to be employed or faithfully pursue a course of study or vocational training that will equip [her] for suitable employment." R. at 49. To prove Garrett's violation of this condition at the revocation hearing, the State presented the testimony of Rodney Fetcher, Garrett's probation officer, who stated that Garrett had applied at several places, but had not been hired because of her criminal record. R. at 87. Fetcher also testified that Garrett had set a goal of completing five employment applications each month, but that he could not recall whether she met that goal. Additional-

2. Our determination that the trial court could not have found Garrett's failure to pay restitution to be reckless, knowing or intentional without an inquiry into her ability to pay reveals a flaw in Indiana's probation statute. Although the statute requires a court to inquire into a defendant's ability to pay restitution before imposing a restitution order, such a determination is meaningless depending on when the defendant will begin paying restitution. By the time a defendant is required to actually pay the restitution, his or her financial situation could have changed. Thus, we believe that a more meaningful inquiry into a defendant's ability to pay restitution would take place at the time the State seeks to revoke his or her probation because of the defendant's failure to pay.

**4**

ly, Fetcher testified that although Garrett had worked in Kentucky on a couple of occasions as a house cleaner, "[w]e would tell her, you know, we felt she needed to find a better job." R. at 89. Finally, Fetcher testified that although Garrett went to school and obtained a beautician's license, "she never did try to cut hair...." R. at 89.

In addition, the State presented the testimony of another probation officer, Sam Blankenship, who had supervised Garrett's probation for the previous two years. During his testimony, Blankenship presented Garrett's performance evaluation, which provided that "Ms. Garrett's inability to find a suitable job is subject to interpretation, but does not seem to be based on her unwillingness to work." R. at 108. Blankenship also stated that he kept no records of Garrett's attempts to find employment and that he had never requested Garrett to provide him with written documentation of her employment applications. Finally, Blankenship testified that he did not believe that Garrett had failed to make a good faith effort to find employment.

■ Based upon this testimony, we find that the State did not prove that Garrett had failed to make a good faith effort to become employed. At most, Fetcher and Blankenship's testimony demonstrates that Garrett had not succeeded in finding employment; it does not reveal that this failure was due to Garrett's lack of a good faith effort. Under these circumstances, we find that the trial court erred in revoking Garrett's probation on this ground.

Having determined that neither of the State's proffered reasons supports the revocation of Garrett's probation, we vacate the revocation order. In addition, in light of our determination that the trial court's restitution order was vague, we remand this cause to the trial court for it to re-consider and re-enter the terms of Garrett's probation.

Judgment reversed and remanded.

ROBERTSON and FRIEDLANDER, JJ., concur.