**Lonnie D. MORGAN, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

No. 48A04–9707–CR–307.

Court of Appeals of Indiana.

Feb. 5, 1998.

Steven C. Smith, Patrick R. Ragains, Jane G. Cotton, Smith, Ragains & Cotton, Anderson, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Kimberly MacDonald, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Lonnie Morgan appeals the revocation of his probation. We affirm.

### ISSUES

I. Whether Morgan's probation officer had the authority to initiate proceedings to revoke Morgan's probation.

II. Whether there is sufficient evidence to support the revocation.

### FACTS

In February 1994, Lonnie Morgan pleaded guilty to two counts of dealing in cocaine, class B felonies. The trial court sentenced Morgan to six years for each count, sentences to run concurrently. Further, the court suspended the entire sentence and placed Morgan on probation for six years. As part of his probation, Morgan was ordered to, among other things, 1) "obey all laws of the State of Indiana ... and ... behave well in society," (R. 9); 2) perform 80 hours of community service; 3) pay probation user's fees; and 4) abstain from the use of alcohol.

In November 1994, the trial court found that Morgan violated his probation by committing the crime of illegal consumption of alcohol. The court ordered Morgan to perform an additional 40 hours of community service. In September 1996, the trial court found that Morgan violated his probation by consuming alcohol. The court placed Morgan on in-home detention until he could be placed at Richmond State Hospital for inpatient alcohol treatment.

In October 1996, Morgan filed a petition to transfer probation wherein he asked the court to transfer his probation to Georgia so that he could attend Georgia State University and play basketball on the school's team. The trial court granted the petition, and Morgan's probation officer, Victor Hill, apparently transferred Morgan's probation in December 1996.[1] At that time, Hill told Morgan to call him on January 23, 1997. Morgan never called.

In February 1997, Hill learned that Morgan had returned to Indiana. Hill telephoned Morgan and asked him to report to the probation department. When he met with Hill, Morgan told the probation officer that he was not moving to Georgia. According to Morgan, he had decided to move to Arizona. Hill told Morgan to call him in one week. When Morgan failed to contact Hill, the probation officer attempted to telephone Morgan, and eventually sent Morgan a letter explaining that a warrant for his arrest would be issued if he did not report to the probation office. Morgan did not respond to Hill's letter.

On April 3, 1997, Hill filed a notice of probation violation wherein he alleged that Morgan had violated his probation by, among other things, committing the crime of battery on April 2, 1997, and failing to timely report to the probation office, complete community service and pay probation user's fees. After a hearing, the court found that Morgan had violated the aforementioned terms of his probation and ordered Morgan to serve his six year sentence.

---

1. The record is silent as to whether the State of Georgia agreed to supervise Morgan's probation or was even aware of the transfer.

## DECISION

### I. *Probation Officer*

██ Morgan argues that Hill did not have the authority to initiate proceedings to revoke his probation because 1) Hill is not an attorney, and 2) Morgan's probation had been transferred to Georgia. Morgan has waived appellate review of this issue because he failed to raise this objection in the trial court. *See Lock v. State*, 567 N.E.2d 1155, 1160 (Ind.1991), *cert. denied*, 503 U.S. 991, 112 S.Ct. 1686, 118 L.Ed.2d 400 (1992).

██ Waiver notwithstanding, Morgan's arguments lack merit. First, this court has previously determined that a probation officer has the authority to initiate proceedings to revoke probation. *See Noethtich v. State*, 676 N.E.2d 1078 (Ind.Ct.App.1997).

Second, in support of his contention that Hill lacked the authority to initiate revocation proceedings, Morgan directs us to Ind. Code 11–13–4–1, which governs out-of-state transfers of probation. Specifically, Morgan points to I.C. 11–13–4–1(2) which provides in part that "each receiving state will assume the duties of visitation of and supervision over probationers...." According to Morgan, the "phrase 'transfer of probation' indicates that supervisory duties are taken from one probation department and given to another." Morgan's Brief, p. 12.

However, our review of the record reveals that it is silent as to whether the State of Georgia agreed to supervise Morgan's probation, *see* I.C. 11–13–4–1(1), and/or actually took supervisory duties from the State of Indiana. Further, even if the State of Georgia did assume supervisory duties, the transfer of supervision is not the transfer of jurisdiction. I.C. 11–13–4–1(3) provides that "duly accredited officers of a sending state may enter a receiving state and there apprehend and retake any person on probation." If Indiana officers would have had the authority to go to Georgia and retake Morgan, Hill, an Indiana probation officer, had the authority to initiate probation revocation pro-

ceedings against Morgan based on Morgan's behavior upon his return to Indiana.

Further, upon examination of Ind.Code 11–13–5–1, it is clearly established that should Morgan have had a probation violation hearing in the receiving state, the appropriate judicial or administrative authorities were required to notify Indiana regarding any recommendations that it was making concerning disposition, which would not preclude Indiana from retaking or reincarcerating Morgan. Morgan's argument is totally without merit, and we find no error.

### II. *Sufficiency of the Evidence*

Morgan further argues that there is insufficient evidence to support the revocation of his probation. Again, we disagree.

██ Probation is a matter of grace, and whether probation is granted is within the trial court's discretion. *Bahr v. State*, 634 N.E.2d 543, 545 (Ind.Ct.App.1994). The sole question at a probation revocation hearing is whether the probationer should be allowed to remain conditionally free, given evidence of repeated antisocial behavior, or rather should be required to serve the previously imposed sentence in prison. *Id.*

██ A revocation hearing is in the nature of a civil proceeding, and the alleged violation only needs to be proven by a preponderance of the evidence. *King v. State*, 642 N.E.2d 1389, 1393 (Ind.Ct.App.1994). This court will neither reweigh the evidence nor judge the credibility of witnesses. *Id.* Rather, we look to the evidence most favorable to the State, and if there is substantial evidence of probative value to support the trial court's decision that the probationer is guilty of any violation, revocation of probation is appropriate. *Id.*

██ Here, our review of the record reveals that at the revocation hearing, Morgan's girlfriend, LaTonya Burns, testified that on April 2, 1996, as the couple was driving back to Anderson from Frankfort with their son, Morgan hit her at least ten times.[2] Morgan posits that "LaTonya's story

---

**2.** Ind.Code 35–42–2–1 provides in pertinent part as follows:

(a) A person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery....

is highly incredible," and is "not sufficient evidence of probative value to find Morgan violated his probation by a preponderance of the evidence." Morgan's Brief, pp. 16, 17. However, we must decline his invitation to reweigh the evidence and judge the credibility of witnesses. We find sufficient evidence to support the revocation of Morgan's probation.[3]

Affirmed.

SHARPNACK, C.J., and STATON, J., concur.

---

**3.** Morgan further argues that there is insufficient evidence that he intentionally failed to pay probation user's fees and to complete his community service. We need not address these contentions because violation of a single condition of probation is sufficient to revoke probation. *See Hubbard v. State*, 683 N.E.2d 618, 622 (Ind.Ct.App. 1997).