920 N.E.2d 258 (2010)
John C. SMITH, Appellant-Respondent,
v.
STATE of Indiana, Appellee-Petitioner.
No. 54A01-0907-CR-367.
Court of Appeals of Indiana.
January 26, 2010.
*259 Mark Small, Indianapolis, IN, Attorney for Appellant.
*260 Gregory F. Zoeller, Attorney General of Indiana, Angela N. Sanchez, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

OPINION
RILEY, Judge.

STATEMENT OF THE CASE
Appellant-Respondent, John C. Smith (Smith), appeals the trial court's Order revoking his probation.
We affirm.

ISSUE
Smith raises one issue on appeal, which we restate as follows: Whether the trial court abused its discretion and violated Article 1, § 22 of the Indiana Constitution when it revoked his probation and imposed the remainder of his sentence.

FACTS AND PROCEDURAL HISTORY
On June 19, 1997, the State filed an Information charging Smith with six Counts of child molesting, Class A felony, Ind.Code § 35-42-4-3. On June 2, 1998, Smith entered into a plea agreement with the State, whereby he agreed to plead guilty to Counts I and IV, with sentences to run concurrently to each other, and in all other respects, the matter of sentence would be left to the discretion of the trial court and all remaining Counts dismissed. On July 13, 1998, the trial court sentenced him to fifty years on Count I and fifty years on Count IV with the sentences to run concurrently.
On September 13, 1999, Smith filed a Petition for Post-Conviction Relief. The Petition was denied on October 10, 1999; however, on November 1, 1999, the trial court entered an Order Granting Motion for Relief from Judgment. On April 16, 2002, the State filed an Amended Information, and Smith entered an Amended Plea Agreement, pursuant to which he agreed to plead guilty to Counts I and IV, as Class B felonies, with a cap on sentencing of 40 years executed timed. On June 24, 2002, Smith was sentenced to fifteen years on each Count, to run consecutively, with ten years executed and five years suspended. The balance of the suspended sentence would be served on probation for a period of ten years. The probation agreement stated, in pertinent part:
1. That, if available, [Smith] will be placed on electronic home monitoring through the West Central Regional Community Corrections program or through some other agency acceptable to the probation department for the first four (4) years of his probation. He is to follow the rules and regulations of the program and is to pay the fees associated with the program.
3. That he is to obtain employment, work regularly, continue working and pay for his own obligations out of his own earnings or start disability again.
...
11. That once released from the DOC, [Smith] will have a sex offender evaluation through the Hope and Recovery Program with Families United if available or with another program approved by the Probation Department and that he will follow any recommendations made.
(Appellant's App. pp. 33-32). Between 2007 and 2009, Smith was found to have violated the terms of his probation three times. On September 5, 2007, the State filed a first Petition to Revoke or Modify Probation, alleging that Smith violated terms 1 and 11 of his probation, specifically, that he did not live in a county where electronic home monitoring equipment was available, and that he was discharged from *261 his sex offender counseling program for not attending and failing to pay the counseling fee. On October 16, 2007, the trial court found Smith to have violated probation and ordered him to "obtain employment, get hooked up to an electronic monitoring system and get back in the [sex counseling sessions]." (Appellant's App. p. 38). However, on January 11, 2008, the trial court modified the terms and conditions of Smith's probation, specifically term 1, and required that Smith be placed on GPS rather than electronic home monitoring since it was not available where he lived.
On February 18, 2009, the State filed an additional Petition to Revoke or Modify Probation, alleging that Smith had once again violated term 3 by failing to keep employment "due to tardiness," and term 11, after he was expelled from his sex offender treatment program as a result of missing more than two counseling sessions in a six month period. (Appellant's App. p. 40). The Petition also stated that Clinton County Probation had been paying for Smith's counseling and that he was paying a co-pay of $20.00. On March 6, 2009, the trial court found Smith to have violated probation and ordered him to time served.
On May 6, 2009, the State filed a third Petition to Revoke or Modify Probation, alleging that Smith had again been expelled from his sex offender treatment program. A hearing was held on May 27, 2009, and Smith appeared pro se. The next day, the trial court issued a Dispositional Order, finding that Smith's suspended sentences be revoked thereby ordering him to fifteen years on both counts, to run consecutive to each other, with 5 years and 17 days of actual jail time credit and 5 years and 17 days of earned credit time.
Smith now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION
Smith argues that the trial court abused its discretion when it revoked his probation and imposed the remainder of his sentence. Specifically, he contends that he missed his sex counseling sessions because he was unable to pay for them, and consequently, the trial court violated Article 1, § 22 of the Indiana Constitution for imprisoning him for failure to pay a debt.
We note that there is no right to probation, and a trial court "has discretion whether to grant it, under what conditions, and whether to revoke it if conditions are violated." Reyes v. State, 868 N.E.2d 438, 440 (Ind.2007), reh'g denied. We review the trial court's decision to revoke probation and a trial court's sentencing decision in a probation revocation proceeding for an abuse of discretion. Jones v. State, 838 N.E.2d 1146, 1148 (Ind.Ct.App.2005). We consider only the evidence most favorable to the judgment and do not reweigh the evidence or judge the credibility of the witnesses. Sanders v. State, 825 N.E.2d 952, 954-55 (Ind.Ct.App.2005), trans. denied.
Smith argues that Article 1, § 22 of the Indiana Constitution, which prohibits the imprisonment for debts, applies to his situation because he is being imprisoned due to his inability to the counseling fee. We disagree. "In accordance with our longstanding policy of judicial restraint in constitutional matters, this court must refrain from deciding constitutional questions unless no non-constitutional grounds present themselves for resolving the case under consideration." Jones v. Jones, 832 N.E.2d 1057, 1059 (Ind.Ct.App.2005). Instead, we find I.C. § 35-38-2-3(f) to be applicable to the present case. Ind.Code § 35-38-2-3(f) states that "[p]robation may not be revoked for failure to comply with conditions of a sentence that imposes financial obligations on the person unless *262 the person recklessly, knowingly, or intentionally fails to pay." The trial court must inquire into the defendant's ability to pay in order to prevent indigent defendants from being imprisoned because of their inability to pay. Ladd v. State, 710 N.E.2d 188, 192 (Ind.Ct.App.1999); see also Bearden v. Georgia, 461 U.S. 660, 664, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983) (noting that the United States Supreme Court "has long been sensitive to the treatment of indigents in our criminal justice system"). Determining whether the failure to pay is reckless, knowing, or intentional requires the trial court to consider, at the time of the alleged violation, whether the defendant could have paid but did not. Garrett v. State, 680 N.E.2d 1, 2-3 (Ind.Ct.App. 1997).
Here, as a condition of his probation, Smith was ordered, among other things, to obtain employment, undergo sex offender evaluation and counseling and pay for the fees associated with the program. During the probation revocation hearing, Smith admitted to violating his probation by being expelled from the counseling sessions. While Smith admitted to violating probation, when questioned why he violated those terms and conditions, he explained that he missed the classes because he was unable to pay for them. Additionally, he stated that he would not be able to return to class unless he paid the money he owed:
[DEFENDANT]: Well, for a while everything was fine and we got hit by some unforeseen problems and the money wasn't there, that's why we had stopped it.
[TRIAL COURT]: It was just a money problem?
[DEFENDANT]: Money problems (inaudible) next bill came in and it just drained everything out real quick. Otherwise I was going (inaudible) was in here, got out, I started going, I paid it, went, it's just money just vanished before I even had a chance, nothing we could do.
[TRIAL COURT]: What was the problem that caused the money problem?
[DEFENDANT]: Bills.
[TRIAL COURT]: Any particular bill?
[DEFENDANT]: Two, one was a light bill and the other was a water bill.
[TRIAL COURT]: Will they let you go to those sessions even if you can't pay for them at the time?
[DEFENDANT]: No.
[TRIAL COURT]: You have to pay as you go?
[DEFENDANT]: Pay as I go. I got behind a week (behind)
...
[DEFENDANT]: I was told that I had to pay a hundred and twenty to get back in the program again.
[TRIAL COURT]: Are you able to do that?
[DEFENDANT]: If I can get back into work get that job, I almost had, then I got picked up.
(Transcript pp. 5-6). Based on Smith's testimony, the trial court was aware that he was unable to pay for the counseling sessions and could not return until he paid the amount owed. Later during the hearing, the State called Smith's probation officer to testify as to whether Smith's allegations that he could not afford the sex offender counseling were in fact true. The following dialogue occurred:
[PROSECUTOR]: [] Mr. Smith admitted the allegations in your May sixth, two thousand nine petition and indicated that he missed classes because he did not have the money to pay for his counseling and has to pay while he goes. He suggested he owes a hundred and twenty dollars to get back in counseling and he thinks in June he can get hired for six months at Pearson's.

*263 [PROBATION OFFICER]: Well his therapist is willing to work with him, but he must attend counseling.
(Tr. pp. 7-8). Based on the probation officer's answer, we are unable to ascertain whether Smith would have been able to return to sex offender counseling without paying the fees he owed or if he would have been rejected from the classes. In the absence of evidence that Smith could have paid the fees but chose not to, we cannot say that Smith "recklessly, knowingly, or intentionally fail[ed] to pay" for the fees associated with the terms and conditions of his probation. I.C. § 35-38-2-3(f).
However, notwithstanding this fact, we note that violation of a single condition of probation is sufficient to revoke probation. Brabandt v. State, 797 N.E.2d 855, 860 (Ind.Ct.App.2003). Pursuant to term 3 of the terms and conditions of his probation, Smith was required to maintain employment. The Petition to Revoke or Modify Probation filed on February 18, 2009, alleged that Smith violated his probation because he lost his job "due to tardiness." (Appellant's App. p. 40). Based on this single violation, we find that the trial court did not abuse its discretion when it revoked his probation and ordered execution of his original sentence.

CONCLUSION
Based on the foregoing, we find that I.C. § 35-38-2-3(f) applies and the trial court did not abuse its discretion when it revoked his probation and ordered execution the remainder of his sentence.
Affirmed.
VAIDIK, J., and CRONE, J., concur.