## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 23 2016, 8:48 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald E.C. Leicht
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

William Epperly,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

November 23, 2016

Court of Appeals Case No.
34A02-1604-CR-731

Appeal from the Howard Superior Court

The Honorable George A. Hopkins, Judge

Trial Court Cause No.
34D04-1508-F6-117

**May, Judge.**

William Epperly appeals the revocation of his probation. He presents three issues for our review:

> 1. Whether the trial court abused its discretion when it admitted alleged hearsay statements into evidence;
>
> 2. Whether the State presented sufficient evidence to prove Epperly violated the terms of his probation; and
>
> 3. Whether the trial court properly determined the number of days Epperly was to serve for his probation violation.

We affirm and remand.

# Facts and Procedural History

On November 13, 2015, after earlier being charged with Level 6 felony residential entry[1] and Class A misdemeanor battery,[2] Epperly pled guilty to Level 6 felony residential entry. His plea agreement with the State provided the State would dismiss the Class A misdemeanor battery charge in exchange for Epperly's guilty plea, and the parties would recommend Epperly be sentenced to 30 months imprisonment, with 120 days executed, and the remainder suspended to probation.

---

[1] Ind. Code § 35-43-2-1.5 (2014).

[2] Ind. Code § 35-42-2-1(d).

[3]     The trial court reviewed Epperly's plea agreement on December 18, 2015, entered a conviction of Level 6 felony residential entry, and sentenced Epperly to 30 months imprisonment with 132 days executed and the remainder suspended to supervised probation. On December 22, 2015, the trial court "clarifie[d] for the Clerk's office that the suspended portion of the Defendant's sentence is seven-hundred and eighty (780) days." (App. Vol. 1 at 4.) As part of the conditions of his probation, Epperly was not to commit any further violations of the law.

[4]     On January 20, 2016, Officer Roy Smith responded to a dispatch reporting a vehicle accident with injury. When he arrived at the scene, Officer Smith spoke with the woman involved in the accident and a woman who had stopped to assist. Both women told Officer Smith "the driver of the other vehicle left the area on foot, walking or traveling westbound on foot into a trailer addition." (Tr. at 9.) Officer Smith testified they described the driver as a "heavyset white male." (*Id*.)

[5]     Officer Dan Hunkler then arrived on the scene. He received the description of the man who had left the scene of the accident and drove in the direction the women indicated he had fled. While driving through the trailer park, Officer Hunkler was flagged down by Melissa Boruff, who informed him "that the male that [Officer Hunkler] was looking for was inside of her house or her trailer and he was highly intoxicated." (*Id*. at 18.) Officer Hunkler entered Boruff's residence and encountered Epperly, who "appeared to stumble and had to grab ahold of the refrigerator to regain his balance." (*Id*. at 19.) Officer

Hunkler also testified Epperly smelled of alcohol. Officer Hunkler took Epperly into custody. Officer Hunkler testified Boruff told him Epperly

> had already left her house early in the evening, and that he appeared to be intoxicated upon arrival and while he was at her house continued drinking alcohol, and then left a short time later, and then returned shortly after claiming that he had just been in an accident and that he needed to be at her house for a little bit.

(*Id*. at 21.)

[6] Trooper Kyle Miller arrived at the trailer to continue the investigation. Trooper Miller and Officer Hunkler took Epperly to the accident scene, where one of the witnesses to the accident, Julie Hummel, identified Epperly as the person she saw fleeing from the accident. Epperly refused to take the offered field sobriety tests, so Trooper Miller transported Epperly to the hospital to obtain a blood sample to determine intoxication.[3] Officer Hunkler testified Epperly was "[v]ery uncooperative and combative," (*id*. at 23), at the hospital and his "speech was slurred and abusive, his balance was poor, his eyes were red and watery, and [Officer Hunkler] detected the order [sic] of an alcohol [sic] beverage still emitting from his breath and person." (*Id*.)

[7] On January 29, 2016, the State filed a petition to revoke Epperly's suspended sentence. The State alleged Epperly violated the terms of his probation by committing Class A misdemeanor operating a vehicle while intoxicated

---

[3] Officer Hunkler testified Officer Smith obtained a search warrant for the blood sample.

endangering a person, Class A misdemeanor resisting law enforcement,[4] Class A misdemeanor leaving the scene of an accident with bodily injury, and Class A infraction operating a vehicle without financial responsibility. The State also alleged Epperly did not notify his probation officer within forty-eight hours of his arrest.

[8] On March 11, 2016, the trial court held a fact-finding hearing on the State's petition to revoke Epperly's probation. At the conclusion of the hearing, the trial court determined Epperly violated his probation and ordered him

> to serve the balance of his suspended sentence in the amount of Seven Hundred Eighty One (781) days. Defendant is given credit for time served awaiting disposition of this matter in the amount of Thirty Nine (39) actual days or Seventy Eight (78) days with day for day credit leaving Seven Hundred Three days.

(App. Vol. 1 at 57.)

# Discussion and Decision

### *Hearsay Evidence*

[9] A probation revocation proceeding is civil in nature and a probationer is not entitled to all of the rights afforded to a criminal defendant. *McCauley v. State*, 22 N.E.3d 743, 748 (Ind. Ct. App. 2014), *reh'g denied*, *trans. denied*. The due process requirements for probation revocation hearings are more flexible than

---

[4] The State later dismissed this allegation.

in a criminal prosecution. *Reyes v. State*, 868 N.E.2d 438, 440 (Ind. 2007), *reh'g denied*. This flexibility allows courts to enforce lawful orders, address an offender's personal circumstances, and protect public safety. *Id.* As such, courts may admit evidence during probation revocation hearings that would not be admissible in criminal trials. *Id.*

[10] To admit hearsay evidence in a probation revocation hearing, the proponent must demonstrate its substantial trustworthiness. *Id.* at 442. Under this test, a court should evaluate the reliability of the hearsay and explain why it is sufficiently reliable to supply good cause for not producing live testimony. *Id.* Ideally, the trial court should explain "on the record why the hearsay [is] reliable and why that reliability [is] substantial enough," but an "explicit finding" thereof is not required. *Id.* at 442 (quoting, in part, *United States v. Kelley*, 446 F.3d 688, 693 (7th Cir. 2006)). Epperly argues the trial court abused its discretion when it allowed certain alleged hearsay statements into evidence without explicitly determining if those statements were "substantially trustworthy or sufficiently reliable to be admissible." (Br. of Appellant at 6.)

[11] Epperly argues nine different statements made by Officers Smith and Hunkler were impermissible hearsay.[5] Epperly did not object to seven of the statements,

---

[5] Epperly also argues "the Trial court violated his due process rights by denying to him his right to confront witnesses against him." (Br. of Appellant at 4.) However, that right is not guaranteed in probation revocation cases. *See Holmes v. State*, 923 N.E.2d 479, 485 (Ind. Ct. App. 2010) (Indiana Supreme Court has specifically stated the right to confrontation does not apply to probation revocation hearings "because they are not criminal trials.").

two by Officer Smith regarding conversations at the scene of the accident, and five by Officer Hunkler regarding his interactions with individuals at the scene of the accident and with Boruff and Epperly in Boruff's trailer. Failure to object to the admission of evidence "normally results in waiver and precludes appellate review unless its admission constitutes fundamental error." *Konopasek v. State*, 946 N.E.2d 23, 27 (Ind. 2011). Epperly does not argue the admission of the testimony was fundamental error. We accordingly decline to address those allegations of error.

[12] Epperly objected to one statement by Officer Smith and one by Officer Hunkler. First, he contends the trial court admitted hearsay in Officer Smith's statement he "could smell the alcohol on [Epperly's] breath. . . [and Epperly's] balance of [sic] not as a normal person." (Tr. at 13.) However, at trial he did not object to the statement as hearsay, but instead objected to it as "opinion without any basis for an opinion at this point. His experience is not the basis. The basis is what Mr. Epperly did or did not do." (*Id*.) We cannot entertain argument regarding a different objection than was made before the trial court. *See Haak v. State*, 695 N.E.2d 944, 947 (Ind. 1998) (defendant cannot assert one objection at trial and argue a different one on appeal). Thus, the issue is waived. Waiver notwithstanding, Officer Smith testified regarding his own observations, which is permitted. *See* Indiana Evidence Rule 602 (witness may testify about that which he has personal knowledge); *see also Johnson v. State*, 734 N.E.2d 530, 532 (Ind. 2000) (witness's testimony regarding her own observations of the defendant's behavior was not hearsay).

[13] Epperly also objected to Officer Hunkler's statement about what Boruff told him inside her trailer:

> [She said] [t]hat [Epperly] had already left her house early in the evening, and that he appeared to be intoxicated upon arrival and while he was at her house continued drinking alcohol, and then left a short time later, and then returned shortly after claiming that he had just been in an accident and that he needed to be at her house for a little bit.

(Tr. at 21.) Epperly is correct - this statement is hearsay. *See* Ind. Evidence Rule 801(c) (defining hearsay). However, we cannot say its admission caused reversible error.

[14] In addition to that hearsay testimony from Officer Hunkler, the State presented unchallenged evidence Epperly appeared intoxicated, Epperly fled the scene of an accident, and Epperly had been identified as the driver of a vehicle in the accident. Thus, any error in the admission of Officer Hunkler's testimony about what Boruff said was harmless because the State presented sufficient evidence outside of that statement to prove Epperly violated his probation by committing additional crimes. *See Berry v. State*, 725 N.E.2d 939, 943 (Ind. Ct. App. 2000) ("[A]ny error in the admission of evidence which is merely cumulative of evidence properly admitted is harmless.").

### Sufficiency of the Evidence

[15] "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind.

2007). "The trial court determines the conditions of probation and may revoke probation if the conditions are violated." *Id*.

[16] We review a decision to revoke probation under the abuse of discretion standard. *Id*. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances before the court. *Id*. When reviewing whether sufficient evidence supported revocation, we do not reweigh evidence or judge the credibility of witnesses. *Morgan v. State*, 691 N.E.2d 466, 468 (Ind. Ct. App. 1998). If there is substantial evidence of probative value to support concluding by a preponderance of the evidence that the defendant has violated a term of probation, we will affirm. *Menifee v. State*, 600 N.E.2d 967, 970 (Ind. Ct. App. 1992), *clarified on other grounds on denial of reh'g,* 605 N.E.2d 1207 (Ind. Ct. App. 1993).

[17] Epperly argues the State did not present sufficient evidence he violated his probation because all of the evidence was inadmissible hearsay and the State did not offer evidence of the results of Epperly's blood draw to determine his blood alcohol content. Epperly also argues the only evidence offered was also found in the probable cause affidavit, and thus the evidence was not sufficient. Epperly relies heavily on our decision in *Figures v. State*, 920 N.E.2d 267 (Ind. Ct. App. 2010), which has similar facts.

[18] In *Figures*, the trial court revoked Figures' probation based, in part, on the probable cause affidavit filed in support of an information charging Figures with battery, but the battery charge had been dismissed prior to Figures'

probation revocation hearing. The State entered only the probable cause affidavit into evidence and "no testimony was presented to corroborate" the evidence in the affidavit. *Id*. at 270. We held the admission of the probable cause affidavit regarding charges which had been dismissed "absent any foundation to establish its reliability" was an abuse of discretion. *Id*. at 272. In reaching that decision, we distinguished *Whatley v. State*, 847 N.E.2d 1007 (Ind. Ct. App. 2006), in which we held a trial court considering a probation revocation could take judicial notice of a probable cause affidavit for charges that had not been dismissed, where that affidavit was signed by the officer who was listed as the affiant.

[19] The facts here are distinguishable from *Figures* and exceed those required in *Whatley*. In addition to the probable cause affidavit that formed the basis for charges against Epperly, the State presented the testimony of the officers who prepared the probable cause affidavit. Under *Whatley*, the investigating officer's signature under oath was sufficient to establish the substantial reliability of the information included in the probable cause affidavit. 847 N.E.2d at 1010. We acknowledge that, like in *Figures*, one of the charges against Epperly had been dismissed.[6] However, three other charges remained against Epperly, and thus the holding in *Figures* does not control.

---

[6] The resisting law enforcement charge had been dismissed.

[20] The State presented evidence Epperly smelled of alcohol, was uncooperative, stumbled, and had slurred speech. One of the people at the accident scene identified Epperly as the person who left the scene of the accident. As we held above, most of the hearsay about which Epperly now complains did not result in reversible error. Epperly's arguments to the contrary are invitations for us to reweigh the evidence and judge the credibility of witnesses, which we cannot do. *See Morgan*, 691 N.E.2d at 468 (appellate court cannot reweigh evidence or judge the credibility of witnesses).

### Sanction for Probation Violation

[21] On revocation of probation, the trial court may:

> Impose one (1) or more of the following sanctions:
>
>> (1) Continue the person on probation, with or without modifying or enlarging conditions.
>>
>> (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.
>>
>> (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

Ind. Code § 35-38-2-3. Courts have discretion regarding which sanction to impose after finding a violation of probation. *Prewitt*, 878 N.E.2d at 188.

[22] After revoking Epperly's probation, the trial court ordered Epperly to "serve the remaining balance of his sentence." (Tr. at 33.) In its order, the trial court indicated Epperly was "now ordered to serve the balance of his suspended sentence in the amount of Seven Hundred Eight One (781) days." (App. Vol. 1

at 57.) However, as Epperly and the State agree, Epperly's original sentencing order suspended only 780 days to probation. Accordingly, we remand for the trial court to correct its order regarding the number of days that remained on Epperly's sentence.

[23] Additionally, the trial court indicated in the order revoking Epperly's probation that he was "given credit for time served awaiting disposition of this matter in the amount of Thirty Nine (39) actual days or Seventy Eight (78) days with day for day credit leaving Seven Hundred Three (703) days." (*Id.*) Both parties agree the credit time computation is incorrect, though they diverge on the amount of time due. Epperly contends he should have received credit time from his date of arrest - January 20, 2016 - until the day the trial court revoked his probation for a total of fifty actual, or one hundred good time, credit days. The State argues Epperly was entitled to credit from February 3, 2016, when he was arrested on the bench warrant for the probation violation until March 11, 2016, when his probation was revoked, for a total of thirty-seven actual, or seventy-four good time, credit days.

[24] Ind. Code § 35-50-6-4(a) provides a person who is "not a credit restricted felon" and "who is imprisoned for a Level 6 felony or a misdemeanor awaiting trial or sentencing for a Level 6 felony or misdemeanor" is assigned to credit time Class A. "A person assigned to Class A earns one (1) day of good time credit for each day the person is imprisoned for a crime or confined awaiting trial or sentencing." Ind. Code § 35-50-6-3.1(b). The amount of credit time awarded depends on the number of days confined prior to trial or sentencing and "the

pretrial confinement being a result of the criminal charge for which sentence is being imposed." *James v. State*, 872 N.E.2d 669, 672 (Ind. Ct. App. 2007).

[25] Epperly was arrested on January 20, 2016, and charged with the crimes stemming from the vehicle accident the same day. It is unclear if he left jail before his arrest on February 2, 2016, for violation of his probation. As the case before us concerns the violation of his probation, he is entitled to good credit time from February 2, 2016, until March 11, 2016, or thirty-seven actual, or seventy-four good time, credit days. *See Willoughby v. State*, 626 N.E.2d 601, 602 (Ind. Ct. App. 1993) (defendant not entitled to credit time for time served regarding charge which resulted in the filing of a petition to revoke his probation; instead he was only due credit for the time he was imprisoned for his arrest stemming from the petition to revoke probation). Accordingly, we also remand for the trial court to correct its statement of Epperly's credit time.

# Conclusion

[26] As Epperly does not argue fundamental error, we are unable to consider his arguments regarding some alleged hearsay statements. Officer Smith's statement was not hearsay. Any error in the admission of Officer Hunkler's statement was harmless, as it was cumulative of other properly admitted evidence. The State presented sufficient evidence Epperly violated his probation. Finally, we remand for the trial court to correct its statements regarding the days remaining on Epperly's sentence and the days of credit time Epperly had earned.

Affirmed and remanded.

Kirsch, J., and Crone, J., concur.