**FILED**

Sep 23 2015, 8:23 am

CLERK
of the supreme court,
court of appeals and
tax court



ATTORNEY FOR APPELLANT

Mark Small
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Shaun Pierce,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | September 23, 2015<br><br>Court of Appeals Case No.<br>28A05-1502-CR-57<br><br>Appeal from the Greene Superior Court;<br>The Honorable Dena Martin, Judge;<br>28D01-0901-FB-23 |

**May, Judge.**

[1] Shaun Pierce appeals the revocation of his probation after the trial court found he had committed new crimes of Class A misdemeanor trespass[1] and Class A misdemeanor theft.[2] As there was sufficient evidence to support the revocation of his probation, we affirm.

## Facts and Procedural History

[2] On March 2, 2010, Pierce pleaded guilty to Class B felony dealing in methamphetamine pursuant to an agreement that called for dismissal of a remaining charge of Class D felony possession of precursors with intent to manufacture. The trial court sentenced Pierce to thirteen years at the Department of Correction with six years suspended to probation. Pierce started probation on October 8, 2013.

[3] On October 8, 2014, Brent and Kathleen Ferree saw a truck drive onto their property. Four people exited the truck and loaded tin that belonged to the Ferrees onto the truck. The Ferrees informed police a theft was in progress and then used their vehicle to chase the thieves' truck. During the chase the tin fell out of the truck, the truck went into a ditch, and Pierce and the other occupants fled into the woods. The police retrieved Pierce and the others from the woods and arrested them.

---

[1] Ind. Code § 35-43-2-2 (2014).

[2] Ind. Code § 35-43-4-2 (2014).

On October 16, 2014, the State filed a Petition to Revoke Suspended Sentence alleging Pierce had violated his probation by committing new criminal offenses of theft and trespass. On January 27, 2015, the trial court held an evidentiary hearing. The court found the State had proven Pierce committed theft and trespass and, based thereon, determined Pierce had violated his probation. The court ordered Pierce to serve five years of his previously-suspended sentence.

## Discussion and Decision

"Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013) (quoting *Prewitt v. State,* 878 N.E.2d 184, 188 (Ind. 2007)). The conditions for probation and whether to revoke probation when those conditions are violated are left to the discretion of the trial court. *Id.* We review probation violation determinations and sanctions for abuse of discretion. *Id.*

In deciding whether to revoke probation, a trial court first must make a factual determination as to whether there was a violation of a condition of probation. *Id.* If a violation is found, then the trial court must determine the sanctions for the violation. *Id.* A revocation proceeding is civil in nature and the State has to prove its allegations by only a preponderance of the evidence. Ind. Code § 35-38-2-3; *Morgan v. State*, 691 N.E.2d 466, 468 (Ind. Ct. App. 1998).

We review insufficiency of evidence claims in a probation proceeding as we do any other sufficiency of the evidence question. *Smith v. State*, 727 N.E.2d 763,

765 (Ind. Ct. App. 2000). We will not reweigh evidence or judge credibility of witnesses. *Morgan*, 691 N.E.2d at 468. We look only at the evidence favorable to the State and all reasonable inferences therefrom. *Id.*

[8]    One violation of a condition of probation is enough to support a probation revocation. *Hubbard v. State*, 683 N.E.2d 618, 622 (Ind. Ct. App. 1997). If the trial court's finding of a violation is supported by substantial evidence of probative value, then we will affirm the revocation of probation. *Id.* When the alleged probation violation is the commission of a new crime, conviction of the new crime is not required. *Richeson v. State*, 648 N.E.2d 384, 389 (Ind. Ct App. 1995), *trans. denied*.

[9]    Pierce was on probation on October 8, 2014. A condition of his probation was that he could not commit any criminal offense. The State alleged he committed trespass and theft. Specifically, as to the trespass, the State alleged Pierce "did knowingly or intentionally interfere with the possession or use of the property of another person without the person's consent, to-wit: property of Brent Ferree located [at specific address deleted]," (App. at 119), in violation of Ind. Code § 35-43-2-2(b)(4) (2014). The allegation of theft stated Pierce "did knowingly or intentionally exert unauthorized control over the property of Brent Ferree with

the intent to deprive Brent Ferree of some or all of the value or use thereof,"[3] (App. at 119), in violation of Indiana Code § 35-43-4-2(a) (2014).

[10] On October 8, 2014, the Ferrees saw four persons, one of whom was later identified as Pierce, load tin from the Ferrees' property into a pickup truck and then attempt to leave the Ferrees' property with the tin. Police apprehended Pierce when he fled from the truck after it went into a ditch. Pierce admitted he was on the Ferrees' property at the time of the alleged trespass. Brandon Jacob Starr, a co-defendant to the trespass and theft charges, testified Pierce was knowingly and voluntarily involved in the attempted theft of the tin. These facts demonstrate Pierce committed trespass by knowingly or intentionally interfering with the possession or use of Ferree's real property without his consent, and they also demonstrate Pierce committed theft by knowingly or intentionally exerting unauthorized control over the personal property of Brent Ferree with the intent to deprive Ferree of some or all of the value or use of that property. *See Wilson v State,* 835 N.E.2d 1044, 1051 (Ind. Ct. App. 2005) (defendant guilty of theft where she exerted unauthorized control over diapers

---

[3] Pierce asserts this allegation of theft was insufficient because indictments for theft are required to identify the allegedly stolen property with specificity. (Appellant's Br. at 10.) While that may be the case, this proceeding was not a criminal trial based on an indictment. Rather, it was a probation revocation, which does not endow a citizen with all the due process rights to which he is entitled prior to a conviction. *Gleason v. State*, 634 N.E.2d 67, 68 (Ind. Ct. App. 1994). The due process rights that exist in this context are "written notice of the claimed violations, disclosure of the evidence against him, an opportunity to be heard and present evidence, the right to confront and cross-examine adverse witnesses, and a neutral and detached hearing body." *Id.* Pierce did not ask for clarification of the theft allegation prior to or at the hearing on the revocation petition. The petition's allegation of theft indicated the owner of the allegedly stolen property and the date on which the theft allegedly occurred, and when read with the trespass allegation, which occurred on the same date and at the same victim's property, the petition indicates the address on which the theft allegedly occurred. This was adequate notice of a violation for probation revocation purposes.

and wipes but was prevented from leaving the store with the items), *trans. denied.*

[11] Pierce argues the evidence was insufficient because the tin was not admitted as an exhibit and Starr was not a credible witness.[4] Addressing those arguments would require us to reweigh evidence or judge credibility of witnesses – matters that we leave to the trial court. *See Morgan*, 691 N.E.2d at 468 (weighing of evidence and assessment of credibility are matters left to the trial court). As the State proved by a preponderance of the evidence Pierce committed theft and trespass, the trial court did not abuse its discretion by revoking Pierce's probation.

## Conclusion

[12] As there was sufficient evidence Pierce committed trespass and theft, the trial court did not abuse its discretion by revoking Pierce's probation. Accordingly, we affirm.

[13] Affirmed.

Crone, J., and Bradford, J., concur.

---

[4] Pierce also argues the stolen items were not introduced into evidence. However, evidence that a person exerted unauthorized control over property may be proven by witness testimony and circumstantial evidence, as occurred in the instant case, without admitting evidence of the property itself. *See Helton v State*, 907 N.E.2d 1020, 1024 (Ind. 2009) (State not required to introduce the subject contraband to obtain conviction; defendant's possession can be established by witness testimony and circumstantial evidence).