## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 24 2016, 8:23 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David W. Stone IV
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kyree Guajardo,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

May 24, 2016

Court of Appeals Case No.
48A02-1510-CR-1702

Appeal from the Madison Circuit Court

The Honorable Angela Warner Sims, Judge

Trial Court Cause No.
48C01-1102-FB-207

**Najam, Judge.**

## Statement of the Case

Kyree Guajardo appeals the revocation of his probation. He raises one issue on appeal, namely, whether the State presented sufficient evidence to support the probation revocation. We affirm.

## Facts and Procedural History

On February 11, 2011, the State charged Guajardo with dealing in cocaine, as a Class B felony, and possession of marijuana, as a Class A misdemeanor. On December 27, 2011, the parties filed a plea agreement in which Guajardo pleaded guilty to dealing in cocaine as charged in exchange for a sentencing cap of thirteen years on any executed sentence. On March 29, 2012, the trial court sentenced Guajardo to fifteen years imprisonment with ten years executed and five years suspended to probation.

On May 28, 2015, Guajardo began serving his five-year probationary period. On August 12, 2015, Madison County Probation Officers Colton Beardsley and Devin Burris, along with Anderson Police Officers Joshua Bowling and Phil Richardson, went to Guajardo's residence to conduct a probation search. After obtaining the consent of both Guajardo and his mother, who owned the residence, Probation Officer Burris conducted a search of the house and discovered a baggie with a substance resembling crack cocaine in Guajardo's bedroom closet. The baggie was taken to the police station where Officer Richardson conducted a field test of the substance. The substance tested

positive for the presence of cocaine. The State sent the cocaine to the lab to be analyzed further.

[4] On August 21, 2015, the State filed a notice of violation of probation alleging, in relevant part, that Guajardo had failed to maintain good behavior by committing a new criminal offense, namely, possession of cocaine, as a Level 6 felony. A bifurcated evidentiary hearing occurred on August 31 and October 5. On the first day of the hearing, the State presented into evidence the results of the field test and the witness testimony of Officers Beardsley, Burris, and Bowling. Officer Bowling testified that the field test of the substance was positive for cocaine, that he observed the field test being performed by Officer Richardson, and that Officer Richardson performed the field test in accordance with the field testing training both he and Officer Richardson had received at the Indiana Law Enforcement Academy. Officer Bowling also testified that, based on his law enforcement training and law enforcement experience in recognizing cocaine, including crack cocaine, the substance found in the baggie in Guajardo's bedroom closet appeared to be crack cocaine.

[5] On the second day of the hearing, the State received the results of the lab analysis of the substance found in Guajardo's bedroom closet and provided those results to defense counsel. However, because the State had not had time to subpoena the lab technician who conducted the lab analysis, the State did not admit the lab results into evidence. Nevertheless, the trial court found that Guajardo had violated his probation by possessing cocaine, and it revoked four

of the five years of probation that had previously been suspended.  This appeal ensued.

## Discussion and Decision

Guajardo contends that the State failed to provide sufficient evidence to support the revocation of his probation.  We review insufficiency of evidence claims in a probation proceeding as we do any other sufficiency of the evidence question.  *Pierce v. State*, 44 N.E.3d 752, 755 (Ind. Ct. App. 2015).  That is, we will not reweigh evidence or judge credibility of witnesses.  *Id*.  We look only at the evidence favorable to the State and all reasonable inferences therefrom.  *Id*.

"Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled."  *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013) (quotation and citation omitted).  It is within the discretion of the trial court to determine probation conditions and to revoke probation if the conditions are violated.  *Id*.  When the alleged probation violation is the commission of a new crime, conviction of the new crime is not required in order to revoke probation.  *Pierce*, 44 N.E.2d at 755.  Rather, because revocation proceedings are civil in nature, the State need only prove the commission of a new crime by a preponderance of the evidence.  *Heaton*, 984 N.E.2d at 616; Ind. Code § 35-38-2-3(f) (2015).  "Preponderance of the evidence simply means the greater weight of the evidence."  *Kishpaugh v. Odegard*, 17 N.E.3d 363, 373 (Ind. Ct. App. 2014) (internal quotation marks omitted) (citing *Travelers Indem. Co. v. Armstrong*, 442 N.E.2d 349, 361 (Ind. 1982)).

[8] Guajardo asserts that the State provided insufficient evidence that the substance the police found in his bedroom was cocaine. However, "the identity of a drug can be proven by circumstantial evidence." *Clifton v. State*, 499 N.E.2d 256, 258 (Ind. 1986). And "[t]he opinion of someone sufficiently experienced with the drug may establish its identity, as may other circumstantial evidence." *Vasquez v. State*, 741 N.E.2d 1214, 1216-17 (Ind. 2001). Here, the State provided evidence that the substance the officers found in Guajardo's bedroom field-tested positive as crack cocaine, and Officer Bowling visually identified the substance as cocaine, based on his experience and training related to that drug. Our supreme court and this court have found similar evidence sufficient to prove the identity of drugs in appeals of drug possession convictions. *See, e.g.*, *Halsema v. State*, 823 N.E.2d 668, 673 n.1 (Ind. 2005) (holding that the testimony of an officer trained to identify methamphetamine was, alone, sufficient evidence that the substance at issue was methamphetamine); *Boggs v. State*, 928 N.E.2d 855, 865 (Ind. Ct. App. 2010) (holding that the testimony of officers trained and experienced in identifying a drug was, alone, sufficient evidence of the identity of the drug), *trans. denied*. If such evidence is sufficient to prove the identity of a drug beyond a reasonable doubt in a drug possession conviction, it is certainly sufficient to prove drug identity by a preponderance of the evidence in an action to revoke probation due to drug possession.

[9] The State provided sufficient evidence to prove by a preponderance of the evidence that Guajardo committed the new crime of possession of cocaine, in

violation of his probation. Therefore, the trial court's revocation of Guajardo's probation is affirmed.

[10]    Affirmed.


Robb, J., and Crone, J., concur.