## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 05 2016, 7:43 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark Small
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jesse Jones, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | August 5, 2016 <br><br> Court of Appeals Case No. <br> 54A01-1602-CR-297 <br><br> Appeal from the Montgomery Superior Court <br><br> The Honorable Heather Dennison, Judge <br><br> Trial Court Cause No. <br> 54D01-1401-FD-1 |

**Bailey, Judge.**

# Case Summary

[1] Jesse Jones ("Jones") pled guilty to Possession of Paraphernalia as a Class D felony[1] and received a sentence of three years, six months executed, and two and a half years suspended to probation. While on probation, Jones allegedly left the scene of an automobile accident causing bodily injury, a Class A misdemeanor.[2] Following a revocation hearing, the trial court entered a judgment revoking Jones's probation. Jones appeals, claiming the State did not provide sufficient evidence to warrant probation revocation. We affirm.

# Facts and Procedural History

[2] On March 20, 2014, Jones entered a guilty plea to Possession of Paraphernalia as a Class D felony pursuant to a plea agreement. He was sentenced to three years, with all but six months suspended to supervised probation. Under the probation order, Jones was prohibited from violating any law, and was compelled to pay $100 in initial probation user's fees, $100 in administrative fees, and $30 monthly, the balance of which was to be paid before Jones was discharged from probation. (App. at 25) On October 2, 2014, Jones's probation was modified to include at least six months of "inpatient treatment at

---

[1] Ind. Code § 38-48-4-8.3(a) & (b). The offense was elevated from a Class A misdemeanor to a Class D felony because Jones had a prior unrelated conviction under this section. This offense would now be classified as a Class A misdemeanor. At all times, we refer to the version of the statute in effect at the time of Jones's offense.

[2] I.C. § 9-26-1-1.1(b)(1).

New Life Recovery Program ("New Life") and follow[ing] all the rules and recommendations made as a result of that program." (App. at 35)

[3] On May 10, 2015, Deputy Jeremy Minor ("Deputy Minor") of the Montgomery County Sheriff's Office was sent to search for a vehicle involved in a hit-and-run accident on Interstate 74 East. (Tr. at 15) Deputy Minor was advised to look for a black Pontiac car with front-end damage. (Tr. at 16-17) He came across a construction zone where he found Jones standing outside a black Pontiac with the hood open. (Tr. at 17) Upon approaching the vehicle, Deputy Minor noted the car had front-end damage. (Tr. at 18)

[4] Deputy Minor asked Jones how his car had acquired the damage, and Jones stated the car had some previous damage and the hood was usually held down by a cable. (Tr. at 18) Deputy Minor then arrested Jones because he "had left the scene of an accident with injury." (Tr. at 19) Jones stated that he did not know anyone had been hurt, and further claimed he thought he hit a toy. (Tr. at 20-21) While being transported to the jail, Jones was apologetic and appeared "bummed out with the whole situation." (Tr. at 21) Jones later claimed he lied to the officer because he felt intimidated. (Tr. at 22)

[5] On May 13, 2015, the Probation Officer for the Courts of Montgomery County filed a petition to revoke or modify probation, alleging Jones had violated three terms of his probation, namely: "[Term 1] You shall not violate any law"; "[Term 10] You shall pay Probation User's Fees"; and, "[Term 17] You shall complete substance abuse evaluation/treatment/education as Probation/Court

Referral directs, pay all costs, and authorize release of information to Probation and the Court." (App. at 37) On June 25, 2015, the trial court held a fact-finding hearing on this petition.

[6] At this hearing, Deputy Minor testified to the facts detailed above. He also stated that an expert had determined that the damage to the front-end of Jones's car likely came from the tow hitch on the victim's vehicle. (Tr. at 22) Jones also testified, admitting to owing a balance of $590 in probation user's fees (Tr. at 6); however, he testified he had a plan to pay in full before the end of his probation, complying with Term 10 of the probation order (Tr. at 34-35). Jones also testified to blacking out at the time of the accident due to a week-old head injury, but did admit he felt an "impact." (Tr. at 39) Marilyn Ritchardson ("Ritchardson") of Rainbow Recovery Resources, a program through New Life, testified that Jones had completed all program work except for the final paperwork. (Tr. at 31)

[7] The trial court found that Jones had violated his probation, stating:

> The Court will find that Jesse Wayne Jones is in violation of the terms of his probation by committing a new criminal offense, specifically Failure to Stop After an Accident, a Class B Misdemeanor, failure to pay his probation user's fees, and failure to successfully complete the program at New Life.

(Tr. at 52-53) On January 11, 2016, after Jones made some attempts to repeat the New Life Recovery Program, the court held a disposition hearing.

Ultimately, the court revoked Jones's probation and ordered him to serve the suspended time in the Department of Correction. Jones now appeals.

# Discussion and Decision

[8] A defendant is not entitled to serve a sentence on probation. *Monroe v. State*, 899 N.E.2d 688, 691 (Ind. Ct. App. 2009). Rather, such placement is a "matter of grace" and a "conditional liberty that is a favor, not a right." *Million v. State*, 646 N.E.2d 998, 1002 (Ind. Ct. App. 1995). Indiana Code Section 35-38-2-1(b) provides that if a probationer "commits an additional crime, the court may revoke the probation."

[9] During a revocation hearing, the trial court must make two determinations: (1) whether a violation of the terms of probation has occurred; and (2) if the probationer has violated the terms, what sanctions should be imposed. *Pierce v. State*, 44 N.E.3d 752, 755 (Ind. Ct. App. 2015). One violation of a condition of probation is enough to support a probation revocation. *Id.* Under Indiana law, the State must prove a probation violation by a preponderance of the evidence. Ind. Code § 35-38-2-3(f).

[10] Jones first challenges the sufficiency of the evidence proving that he committed another criminal offense, specifically, leaving the scene of an accident. Under I.C. § 9-26-1-1.1, an operator who is in an accident is required to stop the vehicle immediately or as near to the accident as possible, remain at the scene until the operators can exchange names and license information, and, in the

event of injury, provide reasonable assistance and call law enforcement or emergency personnel. I.C. § 9-26-1-1.1(a). A person who fails to comply commits the Class B misdemeanor of leaving the scene. I.C. § 9-26-1-1.1(b). The trial court found by a preponderance of the evidence that Jones had committed this offense. The evidence most favorable to this finding shows that Jones's car had front-end damage consistent with a collision involving the victim's vehicle. Also, Jones appeared to have stopped because the hood of his car unlatched and obstructed his vision. He did not exchange information with the driver of the other vehicle. Furthermore, Jones apologized for lying to the officer about the source of his car's damage, and stated that he did not know that anyone was injured in the accident. From these facts, a reasonable finder of fact could conclude by a preponderance of the evidence that Jones left the scene of an accident.

[11] Jones argues that he lacked the required *mens rea* to commit this offense because he blacked out at the time of the accident. Jones also states that he stopped his car as cautiously and as quickly as possible once he regained consciousness and noticed his damaged hood. However, in presenting these arguments, Jones invites us to reweigh the evidence, which we will not do.

[12] Jones further argues that he was not delinquent on his probation fees and, at the time of the new offense, had completed the treatment program at New Life. The State appears to concede these points. (Appellant's Brief at 14) The language of the probation agreement specifically states that all fees "must be paid before you [Jones] are discharged from probation." (App. at 25)

Furthermore, the testimony of Ritchardson demonstrated that, for all intents and purposes, Jones had in fact completed the required programming through New Life, and merely had to complete the discharging paperwork to formally end his treatment. Thus, we conclude that there was insufficient evidence to find that Jones had violated Terms 10 and 17 of his probation.

[13] Nonetheless, we once again note that a single probation violation is enough to support probation revocation. *Pierce,* 44 N.E.3d at 755. Thus, because there was sufficient evidence to find that Jones had violated his probation by committing a new criminal offense, we affirm the trial court's decision to revoke Jones's probation.

[14] Affirmed.

Riley, J., and Barnes, J., concur.