## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 14 2016, 8:56 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Douglas S. Walton
Walton Law Office
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

James Ricketts,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

November 14, 2016

Court of Appeals Case No.
65A01-1603-CR-676

Appeal from the Posey Superior Court

The Honorable S. Brent Almon, Judge[1]

Trial Court Cause No.
65D01-1209-FC-438

---

[1]Appellant failed to include the trial court judge on the front page of his Appellant's Brief. *See* Indiana Appellate Rule 43(I) ("The front cover . . . shall conform substantially to Form #App.R. 43-1," which includes the name and title of the presiding judge.). We urge him to follow that rule.

**May, Judge.**

[1] James Ricketts appeals the trial court's revocation of his probation. He argues the trial court abused its discretion by ordering him to serve the remaining balance of his four-year sentence after he violated his probation. We affirm.

# Facts and Procedural History

[2] On June 24, 2014, Ricketts pled guilty to Class C felony nonsupport of a dependent child.[2] Per the terms of a sentencing agreement, the trial court ordered Ricketts to serve four years and suspended it all to probation. Under the sentencing agreement, Ricketts agreed to standard good behavior conditions, including reporting, payment of fees and other conditions imposed by the court, maintaining full-time employment, and paying $200.00 each month toward child support arrears. Ricketts further acknowledged he owed $35,300.92 in child support arrears.

[3] On July 28, 2014, Probation Officer Courtney Price requested Ricketts undergo a drug screening after she received information that Ricketts was using illegal drugs. Ricketts' urine tested positive for methamphetamine, and Ricketts admitted using methamphetamine a few days prior to the drug screen. Price requested Ricketts seek substance abuse counseling. Ricketts made an initial call to Southwest Mental Health Center regarding counseling, but never

---

[2] Ind. Code § 35-46-1-5 (2001).

followed up thereafter. On August 7, 2014, and September 11, 2014, Ricketts failed to appear for scheduled office meetings with Price.

[4] On November 12, 2014, Price requested Ricketts undergo a second drug screen. Ricketts refused to take the drug test. Price warned Ricketts his refusal to participate would result in Price filing a petition to revoke his probation. Ricketts stated, "I don't care, I will just go sit a year and be back, I'm not taking it." (1/26/16 Tr. at 22.)

[5] That same day, Price filed a Petition for Revocation of Probation on behalf of the State. The State alleged Ricketts violated the terms of his probation by failing to report for scheduled office appointments on two separate occasions, failing an instant drug urine analysis, admitting to using methamphetamine, refusing to cooperate in subsequent drug urine analyses, and failing to make any effort towards payment of child support during August and September 2014. The court issued a warrant for Ricketts' arrest.

[6] On November 9, 2015, Ricketts was arrested.[3] On December 22, 2015, the court held an evidentiary hearing. Ricketts appeared before the court and admitted the alleged violations of probation. The hearing was continued to January 26, 2016. On January 26, 2016, the court held a dispositional hearing. Price and Ricketts testified. Although Ricketts failed to make any payments

---

[3] Other than the trial court renewing the arrest warrant on May 1, 2015, we note the record offers no explanation for the one-year time lapse between the trial court's initial issuance of the arrest warrant and Ricketts' arrest on November 9, 2015.

toward his child support arrears in August or September 2014, the court noted Ricketts made payments in June, July, October, and November 2014 totaling $615.00. On February 23, 2016, the trial court revoked Ricketts' probation and ordered him to serve the balance of his four-year suspended sentence in the Indiana Department of Correction.

## Discussion and Decision

[7] "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). "The trial court determines the conditions of probation and may revoke probation if the conditions are violated." *Id.* If a court finds a probationer has violated a condition of probation, the court may "order execution of all or part of the sentence that was suspended at the time of initial sentencing." Ind. Code § 35-38-2-3(h)(3) (2015). One violation of a condition of probation is enough to support a probation revocation. *Pierce v. State,* 44 N.E.3d 752, 755 (Ind. App. Ct. 2015). We review probation violation determinations and sanctions for an abuse of discretion. *Id.*

[8] At both the December 22, 2015 and January 26, 2016 hearings, Ricketts admitted violating the conditions of his probation by failing to appear for scheduled meetings, failing drug screens, and failing to make payments on his child support arrears in August and September of 2014. Ricketts committed not one, but multiple violations of his probation conditions. Because Indiana Code section 35-38-2-3(h)(3) provides the trial court may order execution of all or part

of a defendant's suspended sentence upon a defendant's probation violation, the trial court did not abuse its discretion in doing so when Ricketts had committed multiple violations. *See Prewitt*, 878 N.E.2d at 188 (courts have discretion regarding which sanction to impose after finding a violation of probation).

# Conclusion

[9] The trial court did not abuse its discretion when it ordered Ricketts to serve his suspended sentence following his admission of multiple probation violations. Accordingly, we affirm.

[10] Affirmed.

Kirsch, J., and Crone, J., concur.