## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 06 2016, 6:42 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Anthony C. Lawrence
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Kelly A. Loy
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Amber Lee Ryle,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 6, 2016

Court of Appeals Case No.
48A02-1603-CR-594

Appeal from the Madison Circuit Court.
The Honorable Mark Dudley, Judge.
Cause No. 48D01-0808-FC-220

**Barteau, Senior Judge**

## Statement of the Case

[1] Amber Lee Ryle appeals the revocation of her probation. We affirm.

# Issue

Ryle raises one issue, which we restate as: whether there is sufficient evidence to support the determination that she violated a condition of probation.

# Factual and Procedural History

In 2009, Ryle pleaded guilty to two counts of receiving stolen property and one count of forgery, all felonies. The trial court sentenced her to seven years, with five years to be suspended and served on probation.

After Ryle began serving her term of probation, she violated several conditions of her probation. On September 17, 2013, the trial court revoked her five-year suspended sentence and ordered her to serve two years. The court agreed to stay the imposition of the remaining three years if Ryle reported to the probation office on a monthly basis for one year and did not commit any new violations of the law for one year, among other requirements.

After she was released from her two-year sentence and began serving the one-year probationary period, the State filed several notices alleging that Ryle had violated the conditions of her probation. The court held a series of evidentiary hearings. On February 10, 2016, the State filed an amended notice, dismissing all allegations except a claim that Ryle had violated a condition of probation by committing a new criminal offense, specifically theft, on June 17, 2015.

On February 16, 2016, the trial court held a final evidentiary hearing. After the hearing, the court issued an order stating, in relevant part: "Court finds by

preponderance of evidence defendant violated her stayed sentence as alleged in paragraph 3(a) [the theft allegation]. Court orders the 3-year stay lifted and defendant to serve the executed time at the Indiana Department of Correction." Appellant's App. p. 12. This appeal followed.

## Discussion and Decision

[7] Probation is an alternative to commitment at the Indiana Department of Correction. *Luke v. State*, 51 N.E.3d 401, 421 (Ind. Ct. App. 2016), *trans. denied*. A defendant is not entitled to serve a sentence on probation. *Id.* A trial court may revoke a defendant's probation if the person has violated a condition of probation during the probationary period. Ind. Code § 35-38-2-3 (2015). A probation revocation proceeding is civil in nature, and the State must prove the alleged violation by a preponderance of the evidence. *Pierce v. State*, 44 N.E.3d 752, 755 (Ind. Ct. App. 2015). If the court determines the defendant has violated a condition of probation, the court has a variety of options for imposing sanctions, up to and including ordering the defendant to serve all of the sentence that had been suspended. Ind. Code § 35-38-2-3.

[8] When we review the sufficiency of the evidence in a probation revocation case, we will not reweigh the evidence or judge the credibility of the witnesses. *Pierce*, 44 N.E.3d at 755. Instead, we look only at the evidence favorable to the judgment and all reasonable inferences therefrom. *Id.* If the trial court's finding of a violation is supported by substantial evidence of probative value, then we will affirm. *Id.* When the alleged probation violation is the commission of a new crime, conviction of the new crime is not required. *Id.*

[9] The State alleged Ryle violated the conditions of her probation by committing a new crime, theft. In order to prevail, the State was required to prove by a preponderance of the evidence that Ryle (1) knowingly or intentionally (2) exerted unauthorized control (3) over property of Walmart (4) with intent to deprive Walmart of any part of its value or use. Ind. Code § 35-43-4-2 (2014). We also note that a person who knowingly or intentionally aids, induces, or causes another person to commit an offense also commits that offense. Ind. Code § 35-41-2-4 (1977).

[10] On June 17, 2015, Amanda McIlwain was working at Walmart, performing her duties as a loss prevention officer. As she monitored the security system, she saw two women, later identified as Ryle and Holly Craver, in the women's clothing department. McIlwain noticed them because they had picked up clothing items without looking at the prices, which seemed unusual to her.

[11] McIlwain watched Ryle and Craver go to the dressing rooms and enter separate rooms. Ryle carried the clothing, and Craver carried nothing but a purse. McIlwain left the monitoring room and went to the dressing rooms. Upon arriving, she saw that Ryle had entered Craver's dressing room.

[12] When Ryle and Craver left the dressing room, neither of them were carrying any of the clothes they had picked up. McIlwain confirmed with the dressing room attendant that she had previously cleaned out the dressing rooms, and when McIlwain looked into the room Ryle and Craver had just left, there was no clothing there.

Next, McIlwain followed the women to the shoe department, where they each picked up a pair of sandals. They went to the checkout area, where they paid for the sandals but nothing else. As Ryle and Craver approached the exit, McIlwain stopped them, identified herself, and asked them to go to the security room. When they arrived in the room, McIlwain looked in Craver's purse and found several items of clothing still bearing Walmart price tags. McIlwain asked Ryle if she knew the merchandise was in Craver's purse, and Ryle admitted she did. Ryle further admitted that she had picked out the items and had given them to Craver in the dressing room.

This evidence is sufficient to establish by a preponderance of the evidence that Ryle committed the offense of theft, either as a principal or an accomplice, thereby violating a condition of her probation. *See Pierce*, 44 N.E.3d at 755-56 (eyewitness testimony sufficient to establish defendant violated probation by committing theft). Ryle points to the absence of any security camera recordings and cites her own testimony, in which she stated that she did not know Craver was stealing clothes. These arguments are, in substance, a request to reweigh the evidence, which our standard of review forbids.

# Conclusion

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

Vaidik, C.J., and Barnes, J., concur.