## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 26 2017, 7:03 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Leanna Weissman
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. Mackenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Antwain Starks,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

January 26, 2017

Court of Appeals Case No.
69A01-1608-CR-1926

Appeal from the Ripley Superior Court

The Honorable Jeffrey Sharp, Judge

Trial Court Cause No.
69D01-1507-F6-89

**May, Judge.**

[1] Antwain Starks appeals the trial court's order he serve the remainder of his suspended sentence following the revocation of his probation. We affirm.

# Facts and Procedural History

[2] On August 25, 2015, in Ripley County, Starks pled guilty to Level 6 felony operating a vehicle while a habitual traffic violator[1] and Class A misdemeanor making a false identity statement.[2] The trial court sentenced Starks to 910 days, with 810 days suspended to probation. Starks received 100 days credit for time served prior to sentencing. As a condition of his probation, Starks was prohibited from committing any crimes.

[3] On May 23, 2016, the State filed a notice of probation violation alleging Starks committed Level 5 felony escape,[3] Level 6 felony strangulation,[4] Level 6 felony criminal confinement,[5] Level 6 felony domestic battery,[6] Level 6 felony battery resulting in bodily injury,[7] and Level 6 felony resisting law enforcement[8] in Marion County ("Marion County Offenses"). Prior to the probation revocation

---

[1] Ind. Code § 9-30-10-16 (2015).

[2] Ind. Code § 35-44.1-2-4 (2012).

[3] Ind. Code § 35-44.1-3-4(a) (2014).

[4] Ind. Code § 35-42-2-9(b) (2014).

[5] Ind. Code § 35-42-3-3(a) (2014).

[6] Ind. Code § 35-42-2-1.3(b) (2014).

[7] Ind. Code § 35-42-2-1(d)(1) (2014).

[8] Ind. Code § 35-44.1-3-1(b)(1) (2014).

hearing, Starks was convicted of Level 5 felony escape and Level 6 felony strangulation in the Marion County Offenses. At the time he committed the Marion County Offenses, Starks was also on home detention for Level 5 burglary[9] in Hendricks County.

[4] At his probation revocation hearing on July 27, 2016, Starks admitted violating his probation by committing the Marion County Offenses. Starks asked the trial court for leniency based on the fact his mother was ill and he has four children. He presented a letter from his employer indicating he was a "family man." (Tr. at 20.) Regarding those mitigators, the trial court stated, "The Court has been presented with a letter indicating that [Starks] is a family man and has four children, however that mitigator is diminished based on the fact that the victim of the Strangulation was the mother of his four children." (*Id*. at 29.) The court also noted Starks admitted he violated his probation, "however the Court does believe that mitigator is diminished based on the fact that he has already pled guilty in the Marion County Superior Court Criminal Division 5, to the Escape and Strangulation, so a probation violation was a foregone conclusion." (*Id*.) The trial court found Starks' criminal history to be "a significant aggravating factor." (*Id*. at 28.) The trial court revoked Starks'

---

[9] Ind. Code § 35-43-2-1 (2014).

probation, ordered him to serve 730 days[10] incarcerated, and gave him good time credit for 57 days.

# Discussion and Decision

[5] Starks alleges the court abused its discretion by ordering him to serve the remainder of his suspended sentence. When reviewing a revocation decision, we consider only the evidence most favorable to the judgment without assessing credibility of the witnesses. *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005). We affirm unless the trial court abused its discretion. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). "An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances." *Id*.

[6] Starks admitted his violation, and "proof of a single violation of the conditions of probation is sufficient to support the decision to revoke probation." *Bussberg v. State*, 827 N.E.2d 37, 44 (Ind. Ct. App. 2005), *reh'g denied*, *trans. denied*. On finding a defendant violated his probation, the trial court may "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing." Ind. Code § 35-38-2-3(h) (2016).

[7] Starks has an extensive criminal history, with offenses ranging from public intoxication to strangulation and burglary. At the time of the Marion County Offenses, Starks was also on home detention for a burglary in Hendricks

---

[10] The parties appear to agree this was the remainder of his suspended sentence.

County. While Starks professed to be a family man, the trial court noted the victim in his strangulation case was the mother of his children. In light of the fact that Starks was serving separate terms of probation and home detention when he committed these new crimes, which included strangulation of the mother of his four children, we find no abuse of discretion in the court's imposition of 730 days of Starks' suspended sentence. *See*, *e.g.*, *Pierce v. State*, 44 N.E.3d 752, 755 (Ind. Ct. App. 2015) (revocation of probation appropriate after probationer committed crimes while on probation).

# Conclusion

[8]   The trial court did not abuse its discretion when it ordered Starks to serve 730 days of his suspended sentence following the revocation of his probation. Accordingly, we affirm.

[9]   Affirmed.


Najam, J., and Bailey, J., concur.