## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 30 2017, 7:42 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jeffery A. Earl
Danville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Robert Morris III, | March 30, 2017 |
| *Appellant-Defendant,* | Court of Appeals Case No. 32A01-1609-CR-2191 |
| v. | Appeal from the Hendricks Superior Court |
| State of Indiana, | The Honorable Karen M. Love, Judge |
| *Appellee-Plaintiff* | Trial Court Cause No. 32D03-1405-CM-393 |

**Baker, Judge.**

[1] Robert Morris III appeals the trial court's order revoking his probation, arguing that there is insufficient evidence supporting the revocation. On July 7, 2014, Morris pleaded guilty to Class A misdemeanor operating a vehicle while intoxicated, endangering a person. The trial court sentenced Morris to 365 days in jail with 233 days suspended to probation. One of the conditions of Morris's probation was that he refrain from consuming alcohol. He was released to probation on February 2, 2016.

[2] On August 4, 2016, the State filed a notice of probation violation, alleging that a random urine screen revealed that Morris had consumed alcohol. The trial court held a hearing on the alleged violation on September 13, 2016. Morris's probation officer testified that she conducted a random urine screen on Morris on July 12, 2016. When she received the results of the screen from the laboratory, she learned that the urine tested positive for Ethyl Glucuronide (ETG) and Ethyl Sulfate (ETS). The following discussion then occurred:

> Question: And in your training and experience as a Probation Officer what do those refer to?
>
> Answer: ETG is a direct metabolite of alcohol also known as ethanol used to detect recent alcohol ethanol ingestion up to 80 hours. Ethyl sulfate or ETS is a confirmation of that test.
>
> Question: And the numbers on there, does that mean that the lab has confirmed that that was a positive result?
>
> Answer: Yes, sir.

> Question: Did Mr. Morris report taking any medications that might interfere with the result of that test?
>
> Answer: No, sir he did not.

Tr. p. 8.

[3] Morris argues that this evidence is insufficient because the probation officer was not an expert qualified to explain the results of the toxicology report[1] and because there was insufficient evidence that the probation department followed proper procedures in obtaining the urine sample. With respect to his first argument, we note that no objection was lodged regarding the probation officer's qualifications to testify regarding the results of the urine screen. The probation officer testified based on her training and experience, and the trial court was entitled to rely on her testimony in that regard. Morris's arguments to the contrary (including a contention that he had taken Nyquil shortly before the urine screen) amount to a request that we reweigh the evidence and re-assess witness credibility. We are not permitted to do so, and find the probation officer's testimony sufficient to support the trial court's order. *See* Ind. Code § 35-38-2-3(f) (State must prove probation violation by a preponderance of the evidence); *Pierce v. State*, 44 N.E.3d 752, 754-55 (Ind. Ct. App. 2015) (noting

---

[1] Morris did not object to the admissibility of the testimony regarding the urine sample or to the laboratory report itself. He explicitly states on appeal that he is challenging the sufficiency of the evidence rather than its admissibility. Reply Br. p. 4.

that when reviewing a probation revocation proceeding, we neither reweigh the evidence nor judge witness credibility).

[4]     As to Morris's second argument—that the State did not establish that proper procedures were followed in obtaining the urine sample—the probation officer testified as follows:

> Mr. Morris was asked to sign a sheet stating what prescription medication he had taken, any over the counter medication, to either admit or deny any illegal drug use or any alcohol consumption. He then signs the paper work, a male officer . . . signed the paperwork and [the male officer] escorted Mr. Morris into the male testing bathroom where he submitted his urine sample. It was then sealed and sent to Redwood Toxicology via FedEx.

Tr. p. 6-7. The probation officer then affirmed that those are the probation department's standard procedures for obtaining a urine sample. *Id.* at 7. Morris contends that he noticed irregularities in the submission of his sample; specifically, he claims that the male officer asked Morris to rinse out the sample cup before he urinated in it. *Id.* at 14. This amounts to a request that we reweigh evidence and re-assess witness credibility. We decline to do so. The probation officer's testimony, alone, is sufficient to support a conclusion that proper procedures were followed in obtaining Morris's urine sample. *See Pierce*, 44 N.E.3d at 755 (in reviewing probation revocation, we consider only the evidence favorable to the trial court's order and all reasonable inferences that may be drawn therefrom). We find the evidence sufficient.

The judgment of the trial court is affirmed.

Barnes, J., and Crone, J., concur.