## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 11 2017, 5:40 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Richard Walker
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Latoy Kisha Jordan, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | September 11, 2017 <br><br> Court of Appeals Case No. <br> 48A04-1702-CR-407 <br><br> Appeal from the Madison Circuit Court <br><br> The Honorable David A. Happe, Judge <br><br> Trial Court Cause No. <br> 48C04-1512-F5-2099 |

**Crone, Judge.**

## Case Summary

[1] Latoy Kisha Jordan appeals the trial court's revocation of her probation. She contends that the evidence is insufficient to support revocation. Finding the evidence sufficient, we affirm.

## Facts and Procedural History

[2] On December 9, 2015, the State charged Jordan with level 6 felony criminal recklessness and level 5 felony carrying a handgun without a license. In March 2016, Jordan and the State entered into a plea agreement whereby Jordan agreed to plead guilty to both charges in exchange for a sentencing cap of two years on any executed sentence imposed. The agreement further provided that Jordan would have no contact with the victim of one of her offenses, Amanda Folden. On April 11, 2016, the trial court sentenced Jordan to concurrent terms of two years executed for the level 6 felony and two years executed, plus three years suspended to probation for the level 5 felony. The terms and conditions of Jordan's probation reiterated that she must comply with the no-contact order regarding Folden.

[3] The State filed a notice of probation violation on October 26, 2016, alleging that Jordan violated her probation by committing a new criminal offense, i.e., class A misdemeanor invasion of privacy. During the probation revocation hearing, Folden testified that, despite the no-contact order, Jordan had contacted her at least six times. Jordan told Folden that she wished Folden was dead. Folden contacted the authorities, and a caseworker spoke with Jordan and warned her

to stop contacting Folden. Jordan did not stop, and continued to contact Folden. Based on the evidence presented, the trial court found that Jordan violated her probation, revoked one year of her probation, and ordered her to serve that year on in-home detention. This appeal ensued.

## Discussion and Decision

[4] "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). It is within the trial court's discretion to determine the conditions of probation and to revoke probation if those conditions are violated. *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013). A revocation proceeding is civil in nature, and the State must prove its allegations by only a preponderance of the evidence. Ind. Code § 35-38-2-3(f). We review insufficiency of evidence claims in a probation proceeding as we do any other sufficiency of the evidence question. *Pierce v. State*, 44 N.E.3d 752, 755 (Ind. Ct. App. 2015). We will not reweigh evidence or judge credibility of witnesses. *Id*. We look only at the evidence favorable to the State and all reasonable inferences therefrom. *Id*. One violation of a condition of probation is enough to support a probation revocation. *Id*. If the trial court's finding of a violation is supported by substantial evidence of probative value, then we will affirm the revocation of probation. *Id*. When the alleged probation violation is the commission of a new crime, conviction of the new crime is not required. *Id*.

[5]     Pursuant to her plea agreement, Jordan was ordered to have no contact with Folden, and one of the terms and conditions of Jordan's probation was that she comply with the no-contact order regarding Folden. Tr. at 22; Appellant's App. Vol. 2 at 49, 52. Another condition of Jordan's probation was that she not commit any criminal offense. In its notice of probation violation, the State alleged that on or about October 17, 2016, Jordan committed invasion of privacy. To prove that Jordan committed that offense, the State was required to prove that she knowingly or intentionally violated a no-contact order issued as a condition of probation. *See* Ind. Code § 35-46-1-15.1(a)(6).

[6]     The State established Jordan's commission of invasion of privacy by a preponderance of the evidence. The State presented evidence that Jordan contacted Folden numerous times while Jordan was incarcerated at the Marion County Volunteers of America. Jordan maintains that there was insufficient "proof that [a no-contact order] actually existed" regarding Folden because the State failed to specifically offer such order into evidence. Appellant's Br. at 11. However, Randy Tracy, an investigator with the prosecutor's office, testified that he specifically determined that there was a no-contact order in place under cause number 48C04-1512-F5-2099, before he requested Jordan's caseworker to speak to Jordan and instruct her to cease contacting Folden. Moreover, there is no question that the terms and conditions of probation, as well as the plea agreement which included the no-contact order, were part of the trial court's record in this cause. During the revocation hearing, Jordan never challenged the existence of the no-contact order or her knowledge thereof, she simply

claimed that it was Folden who was initiating the contact. Jordan's insufficiency of the evidence argument in this regard is without merit, and her additional assertions challenging the sufficiency of the evidence are simply requests for this Court to reweigh the evidence, a task not within our prerogative on appeal. As the State proved by a preponderance of the evidence that Jordan committed invasion of privacy, we affirm the trial court's revocation of one year of her probation.

[7] Affirmed.

Vaidik, C.J., and Mathias, J., concur.