## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 18 2018, 9:04 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Anthony C. Lawrence
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Loretta Y. Mitchell,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

June 18, 2018

Court of Appeals Case No.
48A02-1710-CR-2571

Appeal from the Madison Circuit Court

The Honorable David A. Happe, Judge

Trial Court Cause No.
48C04-1311-FC-2162

**Robb, Judge.**

# Case Summary and Issue

The trial court revoked Loretta Mitchell's placement in community corrections and ordered her to serve the remainder of her sentence in the Indiana Department of Correction. Mitchell appeals, raising one issue for our review: whether there is sufficient evidence to revoke her placement in community corrections. Concluding sufficient evidence was presented to revoke her placement, we affirm.

# Facts and Procedural History

In 2014, Mitchell pleaded guilty to battery by means of a deadly weapon, a Class C felony, and possession of marijuana, a Class A misdemeanor. The trial court sentenced Mitchell to a total of six years in the Department of Correction with two of those years suspended to probation.

In April of 2017, the State alleged Mitchell had committed a probation violation and moved to revoke her probation. Mitchell admitted the violation and the trial court revoked the suspended portion of her sentence and placed her in the Continuum of Sanctions Program in the Madison Community Justice Center. Mitchell was subsequently placed on work release and, in a relatively short period of time, committed a rules violation by failing to return. The trial court ordered Mitchell to serve sixty days in the Madison County Detention Center and, upon completion of that sentence, return to the Continuum of Sanctions Program to serve the remainder of her sentence.

[4] In August of 2017, the Continuum of Sanctions Program alleged Mitchell violated program rules by failing to report to a Community Justice Center appointment with the program coordinator, Stephanie McCreary. The trial court held an evidentiary hearing on October 2, 2017, at which McCreary testified she met with Mitchell on July 25, 2017, advised her of the program's rules and that she needed to attend meetings, and informed her that her next meeting was scheduled for August 1, 2017. McCreary stated Mitchell did not attend the scheduled appointment and she did not hear from her after that point. Mitchell also testified and stated McCreary told her she would send a letter with the date of her next scheduled appointment. Mitchell alleged she never received a letter and that the letter McCreary allegedly attempted to send to her contained the incorrect address. At the conclusion of the hearing, the trial court revoked Mitchell's placement in the program and ordered her to serve the remaining portion of her sentence in the Department of Correction. Mitchell now appeals.

# Discussion and Decision

[5] Mitchell's sole argument is the evidence is insufficient to show she violated the terms of her placement in the Continuum of Sanctions Program. We review a decision to revoke placement in a community corrections program in the same manner as a decision to revoke probation. *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999). "A probation hearing is civil in nature and the State need only prove the alleged violations by a preponderance of the evidence." *Id.* at 551.

We will not reweigh the evidence or judge the credibility of witnesses and will consider all the evidence most favorable to the judgment of the trial court. *Id.* "If there is substantial evidence of probative value to support the trial court's conclusion that a defendant has violated any terms of probation, we will affirm its decision to revoke probation." *Id.* The violation of a single condition of probation is enough to support revocation. *Pierce v. State*, 44 N.E.3d 752, 755 (Ind. Ct. App. 2015).

[6] Mitchell's main concern regarding the sufficiency of the evidence is with what she describes as "inconsistencies" in McCreary's testimony and the letter she allegedly sent to Mitchell. Appellant's Brief at 11. The letter states,

> July 28, 2017
>
> Loretta Mitchell
> 331 West 9th St.
> Anderson, IN 46016
>
> Ms. Mitchell,
>
> On 7/28/2017, you failed to attend your 2:00 p.m. scheduled appointment at the Madison County Community Justice Center. Several attempts to contact you by phone have been unsuccessful. This letter is to inform you that you are to physically report to the Madison County Community Justice Center on August 11, 2017, at 11 a.m. If you fail to attend this scheduled appointment, a warrant for your arrest will be issued and a termination of your executed sentence under cause number will be filed.

Appellant's Appendix, Volume II at 33. Mitchell contends she never received this letter and alleges it contains the wrong address, it states the incorrect date,

and it states McCreary attempted to call her when she does not have a phone number.  Although Mitchell points out alleged errors in the letter, if she did not receive the letter, the letter is of no consequence and she should have reported to the Madison County Community Justice Center at the time McCreary told her in their meeting.  If she did receive the letter and it contained inconsistencies, she should have contacted McCreary for clarification.

[7]     Regardless of any inconsistencies with the letter, McCreary testified when she met with Mitchell on July 25, 2017, she orally informed her of the date of her next appointment—August 1, 2017.  She informed Mitchell of the rules and regulations of the program which included the fact that she must attend all scheduled meetings.  She also stated she verified all of Mitchell's contact information with her on that date.  The trial court believed McCreary's testimony and stated, "I don't care if the letter was never sent at all.  [Mitchell] had notice at the meeting with Ms. McCreary that she needed to be there and she didn't do that."  Transcript, Volume II at 33.  This evidence is sufficient to show Mitchell violated the rules of the program by failing to attend a meeting.  Mitchell's argument to the contrary is simply a request to reweigh the evidence, which we cannot do.  *Cox*, 706 N.E.2d at 549.

# Conclusion

[8] There was sufficient evidence to support the trial court's decision to revoke Mitchell's placement in community corrections. Accordingly, we affirm the trial court's decision.

[9] Affirmed.

Najam, J., and Altice, J., concur.