## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 15 2019, 9:59 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David W. Stone IV
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew S. Koressel
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kevin Christopher Tharp, *Appellant-Defendant,* | February 15, 2019 |
| | Court of Appeals Case No. 18A-CR-2028 |
| v. | Appeal from the Madison Circuit Court |
| State of Indiana, *Appellee-Plaintiff* | The Honorable Mark. K. Dudley, Judge |
| | Trial Court Cause No. 48C06-1606-F5-1160 |

**Vaidik, Chief Judge.**

# Case Summary

[1] About two weeks after Kevin Christopher Tharp was released from prison to probation, the State filed a notice of probation violation alleging that he committed nine violations. Tharp admitted seven violations, and the trial court found that he committed the two other violations. The court then ordered Tharp to serve all three years of his previously suspended time. Tharp now appeals, arguing that the evidence is insufficient to prove that he failed to register as a sex offender, that his eight other violations are technical violations, and that therefore a lesser sanction is warranted. We affirm the trial court.

# Facts and Procedural History

[2] In July 2017, Tharp pled guilty to Level 5 felony failure to register as a sex or violent offender (enhanced from a Level 6 felony due to a prior conviction). The next month, the trial court sentenced Tharp to five years, with two years executed in the Indiana Department of Correction and three years suspended to probation.

[3] Tharp was released from the New Castle Correctional Facility on May 3, 2018. Thirteen days later, the State filed a notice of probation violation. The State alleged that Tharp violated his probation for the following nine reasons:

> (1) failed to register as a sexual or violent offender in the allotted time upon release from the DOC;

(2) failed to keep the probation department informed of his address;

(3) failed to report to the probation department;

(4) failed to obtain a GED and provide written verification to the probation department;

(5) failed to pay court costs;

(6) failed to pay probation fees;

(7) failed to pay the Public Defender Fee;

(8) failed to pay an administrative fee; and

(9) failed to maintain employment and/or verify employment with the probation department.

Appellant's App. Vol. II p. 52.

[4] At the probation-violation hearing, Tharp admitted that he violated his probation for reasons 2, 3, and 5-9, including never reporting to the probation department. However, he denied committing the two other violations: (1) failure to register as a sexual or violent offender in the allotted time upon release from the DOC and (4) failure to obtain a GED and provide written verification to the probation department. Specifically, Tharp testified that upon his release from the DOC, he was taken to The Christian Center, which is a homeless center in Madison County. He then went to the Madison County

Sheriff's Department to register his address as The Christian Center, but they told him that The Christian Center did not accept sex offenders. According to Tharp, he went back to The Christian Center to see if they accepted sex offenders, but they did not. Tharp then "just left trying to find a[n] address." Tr. p. 16. Tharp, however, never returned to the Madison County Sheriff's Department to register. As for the GED, Tharp testified that he got a "litera[c]y time cut" while in the DOC, which is "just like" a GED. *Id.* at 7. The probation officer testified that Tharp did not register as a sex offender or submit proof that he had obtained his GED. *Id.* at 11-12. The trial court found that Tharp violated his probation for reasons 1 and 4 as follows:

> [R]egistering is about as easy as it gets. I understand there are difficulties that's why there is a time period that will allow . . . people coming out of the DOC if that's where they're coming from to satisfy the requirement. Mr. Tharp has [had] this issue in his past. This [is] not new to him, this is not unknown to him. He's been convicted of failing to register as a sex offender [three times]. [S]o again I factor that in to my analysis as well. But first and foremost this is about [the] easiest thing that anyone can do. As for [the GED], it is defendant's obligation to provide it. [He] never met with probation. The logical conclusion is he hasn't met that requirement either because you have to meet your probation officer to provide them that evidence.

*Id.* at 22-23. After hearing evidence on sanctions, the court ordered Tharp to serve all three years of his previously suspended time in the DOC:

> I think I probably echoed almost word for word what I told you back in August of '17 about how easy this is, right? . . . [T]he issue I have is . . . that you continue to do it. You don't report to

probation. We have no ability to supervise you. You're not following what I think is a very simple rule. And you've done this multiple times. And so why is that important? Well we don't know where you are we don't know what you are doing. The legislature decided that this registration is important for not only the public but also for us so that we know where you are. And you refuse to comply with what again I think is a very simple rule. And since you don't even report, don't do the simple rule I am at a loss to do anything with you other than to revoke your full exposure to the Department of Corrections and that's what I am doing. . . . [T]o put it very mildly I don't have any other choice. Your actions tell me I can't leave you in the community. You won't even do the most simple thing.

*Id.* at 31-32.

[5] Tharp now appeals.

# Discussion and Decision

[6] Tharp contends that the evidence is insufficient to prove that he failed to register as a sex offender, that his eight other violations are technical violations, and that therefore a lesser sanction is warranted. A probation-revocation proceeding is civil in nature, and the State need only prove the alleged violation by a preponderance of the evidence. *Holmes v. State*, 923 N.E.2d 479, 485 (Ind. Ct. App. 2010). On review, we neither reweigh evidence nor reassess witness credibility; rather, we consider the evidence and reasonable inferences most favorable to the judgment. *Pierce v. State*, 44 N.E.3d 752, 755 (Ind. Ct. App. 2015).

[7] Here, the probation officer testified that Tharp did not register as a sex offender. Tharp, however, testified that he tried to register the address of The Christian Center, but the Madison County Sheriff's Department would not let him. Tharp then left the sheriff's department and never returned. Although Tharp's attorney argued to the trial court that Tharp's failure to register was excusable because he was "[e]ffectively homeless," Tr. p. 18, the sex-offender-registry statutes address the process to follow when a sex offender is homeless, *see* Ind. Code § 11-8-8-12(c) (providing that a sex offender who does not have a principal or temporary address shall report in person to the sheriff's department every seven days). Tharp, however, did not follow this process. Accordingly, we find that the evidence is sufficient to support the trial court's finding that Tharp violated his probation by failing to register as a sex offender.

[8] But even if we found that the evidence was not sufficient to support this violation, not all of Tharp's eight other violations are technical violations. Tharp admitted that he violated his probation by not reporting to the probation department. Contrary to what Tharp claims, this is not a technical violation but rather shows that Tharp is not a good candidate for probation. As the trial court explained to Tharp, "You don't report to probation. We have no ability to supervise you. You're not following what I think is a very simple rule." Tr. p. 32. For these reasons, we affirm the trial court's revocation of Tharp's

probation and order that he serve all three years of his previously suspended time in the DOC.[1]

[9] Affirmed.

Mathias, J., and Crone, J., concur.

---

[1] Tharp also claims that the trial court failed to mention his "undisputed bipolar mental health condition in imposing sanction of full revocation." Appellant's Br. p. 11. At the probation-violation hearing, Tharp testified that he had been diagnosed with bipolar disorder, but he provided no documentation to support this diagnosis. Indeed, according to the PSI for Tharp's underlying conviction in this case, Tharp reported that he had never been diagnosed with a mental illness. Appellant's App. Vol. II p. 35. Given this evidence, the trial court did not err in not mentioning Tharp's mental health when ordering him to serve all three years of his previously suspended time.